## REAGH v. SPANN.

1. A Justice of the peace may give judgment in debt for the penalty of twenty dollars, under the act of 1811, against any one guilty of marking with his own mark, any unmarked hog, &c., without the owners consent.
2. And it is no objection to the jurisdiction of the Justice that his Court is not provided with a jury, the offence being merely penal, and not criminal.
3. Under that statute, no previous conviction of the offence is required, to make the penalty recoverable. Proof of the commission of the offence on the trial is sufficient.
4. And on an appeal in such case, it cannot be objected that the justice did not record a formal conviction and certify the evidence, as the trial on the appeal is to be had *de novo.*
5. In the appellate Court, the declaration having omitted to aver that the hog was marked in the mark of the defendant; the omission is fatal, and is not cured by reference to the warrant.
6. Though in this case no declaration was necessary, the plaintiff having undertaken to file one, he must be governed by the rules of pleading; this being a penal action, where more strictness is observed than in other cases.
7. Under this statute, a judgment final on demurrer cannot be rendered; the penalty can be recovered only on a trial on the merits, on proof or confession of the guilt of the defendant.

THIS was an action of debt originally brought before a Justice of the Peace of Marengo county, by B. H. Spann against R. Reagh, to recover a penalty of $20, given by statute for marking an unmarked hog of the plaintiff. The Justice having rendered judgment for the plaintiff, the cause, together with fifty one other cases of the same kind, was carried by *certiorari* into the County Court of Ma-

rengo, on the petition of Reagh.   In the County Court
Spann filed his declaration, charging that the defendant
"did mark an unmarked hog, not being the property of
him the said defendant, and without the consent of the ow-
ner thereof, contrary to the form of the statute in such
case made and provided; whereby and by force of the
said statute, the said defendant thereby forfeited, and be-
came liable to pay for his said offence to the said plaintiff,
being the owner of the said hog and party aggrieved, the
sum of $20; whereby and by force of the said statute an
action hath accrued to said plaintiff, &c. &c."   To this
declaration the defendant demurred, and at July term
1828, the County Court overruled the demurrer, and gave
judgment for the plaintiff for the amount of the penalty
and costs.   To reverse this judgment, Reagh sued out his
writ of error to this Court, and insists that the demurrer
should have been sustained.

Lyon, for the plaintiff in error.   Though the amount in-
volved in this case appears small, I will remark that it is
a cause of much importance to us; there are fifty one other
cases similar to this, and the magistrate has actually ren-
dered judgments against Reagh, to the amount of $1040,
besides costs.   I mention this to shew that the maxim *de
minimis non curat lex*, has no application here.

The declaration was demurred to, because it does not
contain a sufficient cause of action.   The action is brought
under the act of 1811, *a* which provides "that if any per- *a* Laws of Ala.
son shall be convicted of having marked or branded, with 223.
his mark or brand, any unmarked or unbranded horse,
mare, colt, mule, ass, bull, cow, bullock, ox, steer, heif-
fer, calf, hog, sheep or goat: not being his or her own pro-
perty, and without consent of the owner, the person so of-
fending shall forfeit and pay the sum of twenty dollars to
the owner thereof, for every such animal so branded and
marked, to be recovered by action of debt, before any jus-
tice of the Peace, or in any other Court having cognizance
thereof: Provided," &c.   The first objection is, that the
declaration does not charge that the hog was marked in
the mark of him, the defendant, but merely that he mark-
ed an unmarked hog not being his own property, without
the consent of the owner.   The case is not therefore
brought within the Statute.   For aught that appears, the
defendant may, as a friendly act, have marked the hog in
the very mark of the plaintiff; such proof would satisfy the

averment in the declaration, and certainly, that would not subject him to a penalty. A recovery in the present case would afford the defendant no protection against a second recovery for the same offence; if he were again sued, and charged with marking the hog in his own mark, this record could not be pleaded in bar of such an action. In penal actions, the remedy given is to be strictly pursued, and the statute must be strictly construed; the offence must be brought strictly within the statute. [a]

The next objection is that the statute requires that the defendant shall be "convicted" of the offence. No conviction is charged in the declaration. A conviction must precede the action of debt; it is made by the statute a condition precedent to the right to recover the penalty. The word "conviction" has in law a technical meaning, and is always used in reference to a verdict of guilty in a criminal prosecution. Blackstone says, [b] "If the jury find a prisoner not guilty, he is forever quit and discharged of the accusation; but if they find him guilty, he is said to be 'convicted' of the crime whereof he stands indicted." This action of debt is given in addition to the remedy by indictment, and arises upon the conviction of the party, and not till such conviction is had. It is a principle of law that the public good shall always be consulted before private gain; a civil remedy is always merged in a criminal offence, and no action will lie till a prosecution is resorted to. [c] The requisition of a previous conviction of the offender operates as an inducement to the party injured to enforce the laws of the country, and also operates as a preventive to the compounding of criminal offences. [d] We insist that the conviction must be on a presentment or indictment found by a grand jury. The conviction cannot be by the magistrate; he has no power by the constitution and laws to adjudicate on the guilt or innocence of a party charged with a criminal offence, for it would be an abridgment of the right of a citizen to a trial by jury, nor can the magistrate try the right of property in the hog; no statute gives him jurisdiction to do so. The action of debt is given, because on an indictment, no judgment of restitution could be given; a judgment could not be rendered in favor of the State and of the party aggrieved at the same time; formerly the owner had to resort to the writ of restitution, to obtain back goods which the offender had applied to his own use. Where a statute prescribes no form of conviction, it must be by indictment or presentment. [e] But even had the Justice

JULY 1830.

Reagh
v.
Spann.

*a* 1 Blacks. Com 87, 88, 2 Stewart 11.

*b* 4 Com. 361.

*c* 2 Blacks. Com. 178.

*d* Strange 858 1048. 4 Dallas R. 266.

*e* 2 Blacks. Com. 178.

the power to convict, here it does not appear that any conviction has in fact been had. None whatever is certified by him. A conviction by a magistrate must set forth the evidence on which it is founded, or it is void;[a] it must shew all the evidence as well for as against the defendant;[b] and if no evidence appear, the Court will quash it.[c] In *Rex v. Crowther*,[d] a conviction was quashed because it did not appear that the witness was sworn or examined in the defendant's presence. A conviction must contain an adjudication, whether the punishment be or be not fixed by statute;[e] a judgment must be stated in it,[f] and it must be in the present tense.[g] In the case before us, the magistrate has only certified that he gave a judgment for the plaintiff for 20 dollars; there is not returned even a judgment in debt; we have only his certificate that he gave one. The declaration then is defective and shews no cause of action. It may be said that in cases of appeal from Justices, regular declarations are not required; but where a party undertakes to file a declaration, he must stand by it, and and if it does not contain a cause of action, it cannot be good in any event.

PICKENS, for the defendant in error. The principal objection relied on by the appellant is, that no conviction is alleged in the declaration. The statute itself must be consulted to ascertain if this is necessary, and it contains nothing which would require either expressly or impliedly that a condemnation or trial of any kind should be had in another Court. The Court will certainly give to the magistrate all the jurisdiction which the statute intended. No penalty or punishment is imposed by the act other than the forfeiture of twenty dollars, recoverable by action of debt; then how could another Court convict, and for what purpose, to what end? Why convict if no punishment or penalty is to be inflicted? The error in the argument consists in giving to the word convict a potent power and exclusive meaning which it has not. It is assumed that it is only applicable to criminal proceedings; but that is an erroneous idea; it is used in the English books and in our own statutes and legal proceedings, as well in relation to civil as to criminal proceedings. It denotes merely a determination. It is used in all declarations on records, according to the most approved forms. This is an offence which the legislature was not willing to consider as criminal; and therefore, in the act of 1807,[h] they made a dis-

JULY 1830.

Reagh
v.
Spann.

a 2 Doug. 486.
b 8 Term R. 220.
c 8 Term R. 588.
d 1 Term R. 125.
e 7 Term R. 238.
f 2 Burrows 1163.
g 1 Strange 608.

h Laws of Ala. 209.

JULY 1830.

Reagh
v.
Spann.

tinction between the case of marking an unmarked hog, and the case of altering the mark of one previously marked; and made the latter punishable as a criminal offence, and the former as a mere civil injury. By that act, even in the case considered criminal, it was not said the remedy should be by indictment, but inasmuch as stripes were inflicted, it seems proper that the conviction should be by a jury and Court of record; but in the other case, as there is no punishment whatever but the infliction of a penalty of twenty dollars, a mere pecuniary matter of which a Justice of the Peace has jurisdiction, there can be no reason for such a construction; it would be idle. But by the act of 1811, *a* jurisdiction is expressly given to a magistrate, and no other conviction is necessary other than to prove before the magistrate the commission of the offence; and if he be convinced of the fact, he must give judgment for the penalty. We will find our construction sustained by referring to other statutes where the same term is used, where express jurisdiction is given to the Justice, and where there can be no doubt that it is the magistrate who shall convict and adjudge accordingly. *b*

*a* Laws of Ala. 224.

*5* Laws of Ala. 628, Sec. 7, 217, 218.

The supposed defect in the declaration, that it is not averred that the hog was marked in the mark of the defendant below, we conceive cannot be fatal. It is said the utmost strictness must prevail in those cases. It is only in criminal prosecutions that this rule holds. This is but a civil action; an action merely to recover twenty dollars. No distinction can be drawn in actions purely civil, all are on the same footing. In appeals from Justices, no formality in pleading is necessary, the issue is to be made up under the direction of the Court. *c* A mere simple statement that the defendant owed the plaintiff twenty dollars as a penalty, for marking a hog, would have been sufficient. There is in this case a sufficient reference to the statute to advise the party what he is called on to answer to. A demurrer is not favored in such cases, a party may amend by any part of the previous proceedings, and by referring to the magistrates papers, the offence is sufficiently defined. What was amendable, will be considered here as amended, to support the judgment.

*c* Minor's Ala. Rep. 316.

VANDEGRAAFF, on the same side. According to the argument advanced, the word "conviction" must be held to imply *ex vi termini*, an indictment before a Court of record. We have shewn that it is not so considered in our

statutes, our forms, or judicial proceedings. The word convict is introduced in the form prescribed by the statute for executions in civil cases.[a] The construction contended for would establish a most unreasonable practice. A party would have to apply to a Circuit Court to procure the trial of an indictment, and if the defendant was found guilty, what punishment could the Court inflict? Certainly none, when the statute prescribes none; then the only purpose would be to obtain a record to give in evidence before the magistrate. The party would have to apply to one Court for half of his remedy and to another for the other half. This certainly never was intended. Such a practice would be highly inconvenient, and the Court can never adopt so unreasonable an idea. There can be but little doubt on the other point. There is more certainty in the declaration than is usual in such cases. It was matter of evidence to prove that the hog was marked in the mark of the defendant. Under the statute of frauds, it is not held necessary to allege the contract to be in writing, it is sufficient to prove it to be so on the trial. The offence is charged to be contrary to the statute, that is sufficient. On the trial under this declaration, it would have been requisite to prove all the facts necessary to a recovery, or none could be had. The demurrer admits the hog to belong to the plaintiff, that it had been marked contrary to the form of the statute, and that the penalty was incurred. It was correct to render judgment on the demurrer for the amount declared for; the action was debt and the amount therefore ascertained.[b]

*JULY* 1830.

Reagh
v.
Spann.

[a] Laws of Ala. 291.

[b] 1 Stewart 580.

KAINS, in conclusion. We insist that in penal actions more strictness is required than in actions which are purely civil. There is a degree of odium and criminality attached to the offence; it has all the attributes of a larceny. If the plaintiff choose to file a declaration, and it was insufficient, our only course was to demur; we had no other means of protection or defence. The defect in the declaration was the omission of material allegations; if we took issue, we thereby admitted that the facts therein set forth were sufficient, and could not on the trial call for proof of more or different matter than was averred and embraced by the issue. It is said no conviction was necessary. It seems clear that before the penalty can be adjudged there must be a conviction, that it is a matter precedent. Now what kind of a conviction is meant? We must recollect

14

that the whole statute is concerning criminal proceedings; and that where a conviction is spoken of in criminal proceedings, guilt of an offence is always intended. It is argued that if the Circuit Court were to convict, no punishment is prescribed, and that none could be inflicted. But the rule of the common law is, that where the law prohibits the doing of any act, although the statute prohibiting it prescribes no punishment, yet it shall be punishable by indictment, as a misdemeanor at common law, by fine and imprisonment. Therefore this was an indictable offence, and was punishable on conviction in a court of record as a common law misdemeanor. Indeed the offence is so closely allied to larceny as to be hardly distinguishable. The cases cited of other statutes where the jurisdiction is expressly given to justices to convict, proves only, that in as much as in this statute it is not so given, the right does not exist in this case. But it may be well to inquire how far those statutes which give the right to a justice to convict of any offence in a summary way, can stand with the constitution. The constitution never intended they should be allowed to convict of a criminal offence.

By JUDGE CRENSHAW. In argument it was contended, that the penalty was not recoverable before a previous conviction of the offence, and that the act of marking the unmarked hog of another person amounted to larceny.

*a* Laws of Ala. 209.

By the 22d section of the act of 1807*a* the stealing of hogs on conviction is punished by whipping and paying to the owner the value thereof, "and also a fine of £20 to any person suing for the same, to be recovered in any Court having cognizance thereof." By the 23d section, the altering or defacing marks or brands is punished in the same manner. By the 24th section, "if any person shall be convicted of having marked or branded with his mark or brand any unmarked or unbranded horse, &c., (hogs included,) not being his own property, and without the consent of the owner, the person so offending shall forfeit and pay the sum of $20, for every animal so branded or marked, to be recovered and applied as aforesaid, viz: "by any person suing for the same in any Court having cognizance thereof."

By the two first recited sections, the Legislature has imposed the same penalties on the stealing as on the altering.

or defacing the marks of hogs, and consequently considered them as offences of the same grade, amounting to larceny. By the last section they did not intend to place the marking of unmarked hogs on the same footing with these offences, because they have provided no punishment except the forfeiture of $20, to any person suing for the same, and because the 22d section had already provided for the case of larceny.

The proceedings in the present case, were had under the 2d section of the act of 1811,[a] which is in the same language with the above recited 24th. section, with this difference only, that instead of forfeiting $20 to any person suing for the same, it shall be paid to the owner of the hog, and instead of being recoverable in any Court having cognizance thereof, it is made recoverable by action of debt before any Justice of the Peace, or in any other Court having cognizance thereof. This section therefore supersedes, and must be considered as repealing the 24th section of the act of 1807. It provides no punishment for marking an unmarked hog, but the forfeiture of $20 to the owner, and expressly declares that the recovery shall be by action of debt. It is clear then that it is not larceny, nor an indictable offence. Where then can be the necessity of a previous conviction, when no other punishment is affixed to the offence? Though peculiar in its phraseology, the statute must receive a legal and rational construction. The word convicted, as expressed in the statute, must be taken to mean convicted on the trial of the penal action of debt for the recovery of the penalty, and cannot mean a previous conviction on an indictment, when no punishment is affixed to the offence, except a forfeiture to the party aggrieved. Numerous are the cases in which penal actions in the form of debt have been brought to recover the forfeiture, and that too without any previous conviction.

It was also suggested that the Justice was ousted of all jurisdiction because the offence was criminal, and he had no authority to summon a jury for the trial. If the offence had been indictable, this proposition would be true; but as the action of debt is the remedy prescribed for the recovery of the penalty, it does not necessarily follow that the party is constitutionally entitled to a trial by jury. A penal action is not, in the language of the constitution, a prosecution by indictment, or information, so as to entitle the party to a trial by jury in the first instance; nor

JULY 1830

Reagh
v.
Spann.

a Laws of Ala. 223.

does the phrase "due course of law" necessarily imply a trial by jury, but rather means a proceeding carried on according to the law of the land, either with or without a trial by jury. I do wish there had been a constitutional provision requiring this as well as every other penal offence to be tried by jury.

It was further insisted that the Justice erred in not certifying the evidence. This was not necessary when the case was to be tried *de novo* in the appellate Court.

The last position of which I shall take notice is, that there is no averment in the declaration alleging that Reagh marked the hog in his mark.

Penal laws are to be construed strictly, and in a penal action, which is in the nature of a criminal prosecution, much certainty and precision are requisite. The demand not exceeding $20, a declaration was unnecessary; but if the plaintiff will proceed to file a declaration, he must observe the rules of practice, and bring himself substantially withing the meaning and spirit of the statute. We think the omission was fatal to the declaration, and cannot be aided by reference to the statute, or by looking back to the warrant, or statement of the Justice, there having been no verdict, but merely a judgment on demurrer.

I have already said that the party must be convicted on the trial of the action of debt, otherwise the party aggrieved cannot recover. Convicted, in the statute, necessarily implies a trial on the merits, and the party's guilt must be made manifest either by proof or confession. The County Court therefore did err: first, in overruling the demurrer, when it should have been sustained, with leave to the plaintiff, on terms, to amend his declaration; and second, in giving final judgment for the penalty without a trial on the merits, or without proof of the party's guilt. The judgment must be reversed, and the cause remanded.

Reversed and remanded.