### JOHNSTON *VS*. MORROW.

1. To charge a plaintiff with having marked a third person's hogs, is not actionable.

Error to Morgan Circuit court.

Slander—tried before *Lane*, J.

The declaration charged, that defendant had said of plaintiff, " he has got well off very fast," (meaning an increase of plaintiff's pecuniary means,) " and the way to tell it is, he" (meaning plaintiff,) "has marked Hugh Morrow's hogs," (meaning that said plaintiff had marked said hogs with his own mark, and had feloniously converted them to his own use.) Defendant demurred to the declaration, and the court below sustained the demurrer—which was here assigned for error.

*Robinson*, for plaintiff in error.

GOLDTHWAITE, J.—The general rule applicable to this class of actions, " that no charge upon the plaintiff,

Johnston *vs.* Morrow.

however foul, will entitle him to damages, unless it be of an offence punishable in a court of criminal jurisdiction,"—has hitherto been considered as the settled law, in this court. It was first acted on in the case of Coburn vs. Harwood, (Minor, 93,) and is recognised and confirmed in Hillhouse vs. Peck, (2 Stew. & Por. 395.) If the words which are charged in the plaintiff's declaration, impute to him the commission of an offence, which is not punishable through means of an indictment, the case will be brought within the influence of this rule. The words alleged to have been spoken, charge the plaintiff with the commission of the offence defined by the second section of the act of eighteen hundred and eleven— (Aik. Dig. 108, s. 41.) This section of the statute, in the case of Reagh vs. Spann, (3 Stewart, 100,) was considered as giving only a civil remedy, for the penalty of twenty dollars, therein named, and that the offence was not indictable. This construction of the act is decisive of the present case, and conclusively supports the judgment of the Circuit court, which must be affirmed.