## HEATH vs. DEVAUGHN.

[SLANDER.]

1. *What words are actionable.*—Words spoken of another, imputing to him the statutory offense of trading with slaves, (Code, § 3285,) are not actionable, since the offense does not involve moral turpitude, and the punishment affixed to it is not infamous.

APPEAL from the Circuit Court of Chambers. Tried before the Hon. JOHN GILL SHORTER.

The complaint in this case was in the following words :

"James Heath } The plaintiff claims of the de-
    vs. } fendant ten thousand dollars as dam-
Samuel Devaughn. } ages for falsely and maliciously charg-
ing him with the crime of trading with slaves, by speaking of and concerning him, in the presence of divers persons, in substance as follows: 'Have you not been trading with my negroes'? (meaning the negro slaves of defendant;) 'You have been trading with my negroes, you old rascal,'— to-wit, on the 17th August, 1857.

"The plaintiff claims of the defendant ten thousand dollars, also, as damages for falsely and maliciously charging him with the crime of trading with slaves, without the consent of the master, owner, or overseer of such slaves, by speaking of and concerning him, in the presence of divers persons, in substance as follows: 'Have you not been trading with my negroes'? 'You have been trading with my negroes, you old rascal'; 'He has been trading with my negroes,'—to-wit, on the 17th August, 1857."

The court sustained a demurrer to the complaint, on the ground that none of the words charged were actionable; and its ruling is here assigned as error.

BROCK & BARNES, for appellant, cited the following cases : *Cogburn v. Harwood,* Minor, 93; *Perdue v. Burnett, ib. 138; Hillhouse v. Peck,* 2 Stew. & P. 395 ; *Johnson v.*

Heath v. Devaughn.

*Morrow*, 9 Porter, 525; *Dudley v. Horn*, 21 Ala. 379; *Smith v. Gafford*, 31 Ala. 45; *Bissell v. Cornell*, 24 Wend. 354; *Brooker v. Coffin*, 5 Johns. 188; 13 Johns. 124, 275.

ALLISON & ANDREWS, *contra*, cited *Brooker v. Coffin*, 5 Johns. 188; *Widrig v. Oyer*, 13 Johns. 124; *Martin v. Stillwell*, 13 Johns. 275; *Gibbs v. Dewey*, 5 Cowen, 503; *Fox v. Vanderbeck*, 5 Cowen, 513; *Goodrich v. Wolcott*, 3 Cowen, 231; *S. C.*, 7 Cowen, 714; *Demarest v. Haring*, 6 Cowen, 76; *Shaffer v. Kintzer*, 1 Binney, 542; *Frisbie v. Fowler*, 2 Conn. 707; *Chapman v. Gillett*, 2 Conn. 61; *Hopkins v. Beedle*, 1 Caines' Rep. 347; *Walker v. Winn*, 8 Mass. 248; *Miller v. Miller*, 8 Johns. 58; *Sheely v. Biggs*, 2 Har. & J. 363; *House v. House*, 5 Har. & J. 125; *Dodds v. Henry*, 9 Mass. 262.

STONE, J.—We deem it unnecessary, in this case, to consider whether the language averred in the complaint to have been spoken by the defendant, sufficiently identifies and charges the offense denounced by section 3285 of the Code.—See Code, § 2224; *Perdue v. Burnett*, Min. 138; *Sturgenegger v. Taylor*, 2 Brev. 480. On another ground, we think the judgment of the circuit court must be affirmed. The punishment for trading illegally with slaves is a money fine, to which may be added imprisonment in the county jail, not exceeding six months. A mere trading with slaves, without the consent of the master, owner, or overseer of such slaves, does not, *per se*, involve moral turpitude; and the punishment is not *infamous*, in that sense which constitutes the words actionable of themselves.—*Hillhouse v. Peck*, 2 S. & P. 395; *Johnson v. Morrow*, 9 Por. 525; *Dudley v. Horn*, 21 Ala. 379; *Andress v. Koppenheafer*, 3 S. & R. 255; *McClung v. Ross*, 5 Bin. 218; *Birch v. Benton*, 26 Mo. (5 Jones,) 153; *Speaker v. McKenzie*, ib. 255; *Quinn v. O'Gara*, 2 E. D. Smith, 388; *Young v. Miller*, 3 Hill, 22; *McKee v. Ingalls*, 4 Scam. 30. See, also, *Shuttleworth v. The State*, 35 Ala. 415, and authorities on appellee's brief.

Judgment of the circuit court affirmed.