(106 So. 138)

**SHAW. v. KILLINGSWORTH.** (5 Div. 921.)

(Supreme Court of Alabama. Nov. 5, 1925.)

**1. Libel and slander ☞7(1)—When words "actionable per se," stated.**

For words spoken to be "actionable per se," they must, if true, subject party charged to indictment for crime involving moral turpitude, or subject him to an infamous punishment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actionable Per Se.]

**2. Libel and slander ☞7(2)—Charging plaintiff with blowing up dipping vat held not actionable per se.**

Stating that plaintiff "blew up a dipping vat," in violation of Code 1923, § 3879, which constitutes a misdemeanor, held not to charge a crime involving moral turpitude, or one subjecting plaintiff to an infamous punishment, and hence was not actionable per se.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Action for slander by W. G. Shaw against B. M. Killingsworth. From a judgment sustaining demurrer to the complaint, plaintiff takes a nonsuit and appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Thomas A. Curry, of Clanton, for appellant.

The words alleged to have been spoken of plaintiff constituted slander and were actionable. Rapalje & Lawrence, Law Dict. 1198; Black's Law Dict. 1101; Swan v. Thompson, 124 Cal. 193, 56 P. 878; Gaither v. Advertiser Co., 102 Ala. 458, 14 So. 788; Iron Age Pub. Co. v. Crudup, 85 Ala. 519, 5 So. 332. Words imputing to another the commission of a crime involving moral turpitude, or which would subject the offender to infamous punishment, are actionable. The words here used come within this class. Code 1923, § 2879; Berdeaux v. Davis, 58 Ala. 611; Stallings v. Newman, 26 Ala. 300, 62 Am. Dec. 723; Krebs v. Oliver, 12 Gray (Mass.) 239; Poe v. Grever, 3 Sneed (Tenn.) 664; Smith v. Smith, 2 Sneed (Tenn.) 473.

J. Osmond Middleton, of Clanton, for appellee.

In actions for slander, in order for words spoken to be actionable per se, they must, if true, subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment. 25 Cyc. 270; Jones v. Spradlin, 18 Ala. App. 29, 88 So. 373; Hillhouse v. Peck, 2 Stew. & P. 395; Heath v. Devaughn, 37 Ala. 677. A misdemeanor is not a crime involving moral turpitude, unless it contains an element of fraud. Hillhouse v. Peck, supra; Heath v. Devaughn, supra. A fine and imprisonment in the county jail or a sentence to hard labor do not constitute an infamous punishment. Authorities ubi supra.

GARDNER, J. In this suit appellant seeks to recover damages of appellee for an alleged slander, and the sufficiency of the complaint as stating a cause of action is the only question here presented. There are no averments of special damages or any injury to the plaintiff in his trade, employment, or profession, and the sole matter for determination is whether or not the words alleged to have been used by defendant are actionable per se. The words charged to have been spoken by defendant of plaintiff were that plaintiff "blew up a dipping vat." Section 3879, Code 1923, provides that—

"Any person who unlawfully, negligently or intentionally injures, destroys or attempts to injure or destroy any dipping vat, not his own, * * * shall be guilty of a misdemeanor and upon conviction shall be fined not more than one thousand dollars, and may also be sentenced to hard labor for the county for not more than twelve months at the discretion of the jury."

[1] As applicable to the charge here in question, the rule in this state, in line with that generally accepted by the authorities, is that in order for the words spoken to be actionable per se, they must, if true, subject the party charged to an indictment for a crime involving moral turpitude or subject him to an infamous punishment. Hillhouse v. Peck, 2 Stew. & P. 395; Perdue v. Burnett, Minor, 138; Johnston v. Morrow, 9 Port. 525; Dudley v. Horn, 21 Ala. 379; Heath v. Devaughn, 37 Ala. 677; Newell, Slander and Libel (3d Ed.) § 64.

[2] The language imputes to plaintiff the commission of a misdemeanor. The "punishment is not infamous, in that sense which constitutes the words actionable of themselves." Heath v. Devaughn, supra; 35 Cyc. 273.

Moral turpitude implies vileness of principle and extreme depravity. Newell, Slander and Libel, supra, §§ 65, 66.

Numerous examples as to what constitutes a crime involving moral turpitude, and also

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

what does not, as applied to actions of this character, are cited in the notes to Newell's Slander and Libel, supra, and 25 Cyc. 273. Among those noted as not constituting crime involving moral turpitude are Hillhouse v. Peck, supra, tearing open and reading a letter sent by mail; Heath v. Devaughn, supra, trading with slaves; Dudley v. Horn, supra, assault and battery.

The charge here involved is a statutory offense of comparatively recent origin, and from the language used seems to apply to one who negligently injures or destroys a dipping vat as well as one who intentionally does so.

We are here only concerned with the character of the charge, and not an analysis thereof otherwise. Upon due consideration we are persuaded that it is not such a charge involving moral turpitude as understood and applied to slander actions.

It results therefore as our conclusion that the words alleged to have been spoken of and concerning plaintiff were not actionable per se, and that the trial court correctly ruled in sustaining the demurrers to the complaint.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.