ALBANY,
January, 1813.

JOHNSON
v.
BEARDSLEE.

Judgment for the defendant. (a)

(a) Vide *Sheffield* v. *Watson,* 3 Caines' Rep. 69.

———◦:※◦———

JOHNSON, Administrator of JOHNSON, *against* BEARDSLEE and others, Heirs and Devisees of BEARDSLEE.

THIS was an action of *assumpsit,* to the declaration in which the defendants pleaded *non assumpsit,* and the statute of limitations, and the plaintiff replied, taking issue on the latter plea. The suit was commenced in *August* term, 1814, and the parties, without going to trial, made a case for the opinion of the court, which was submitted without argument.

In the summer of 1805, the plaintiff's demand was placed in the hands of one *Pumpelly,* with whom it was liquidated by *John Beardslee,* the testator, and the balance struck. The testator died in 1806. After his death, and within six years before the commencement of the suit, the demand was presented to two of the defendants, who were also executors of the deceased, who admitted the balance to be due, and promised to pay it.

The promise of one joint debtor, to pay a debt barred by the statute of limitations, is sufficient to take the case out of the statute.

In an action against the heirs and devisees of a deceased debtor, a promise by two of the defendants, who were also his executors, to pay the debt, was held sufficient to charge all the defendants.

It *seems,* that an acknowledgment of the debt, unaccompanied with a protestation against the payment of it, is evidence sufficient for the jury to presume a new promise.

ALBANY,      *Per Curiam.*    The demand of the plaintiff was liqui-
January, 1818.   dated with *John Beardslee*, in 1805, and he died in 1806 ;
JOHNSON      consequently, before the statute of limitations had attach-
v.           ed on the debt.   Within six years before this suit was
BEARDSLEE.   brought, two of the defendants, and who were also execu-
tors of *John Beardslee*, admitted the demand, and promised
payment.

. . Whether the new promise revives the old debt, or can be
enforced as a new promise, upon a valid consideration, is
immaterial to be discussed here.   On a review of all the
cases, (*Danforth* v. *Culver*, 11 *Johns. Rep.* 146.) we were of
opinion, that the acknowledgment of the execution of the
notes, with an express declaration that the party meant to
avail himself of the statute of limitations, was not evidence
of a new promise to pay ; but we did not intimate, that an
acknowledgment of the debt would not have been suffi-
cient, unaccompanied with a protestation against paying it ;
indeed, there is a current of authorities, that an acknowledg-
ment of the debt is evidence sufficient for the jury to pre-
sume a new promise.

Here, however, is not only an acknowledgment of the
debt, but an express promise to pay ; and it has always been
holden, that a debt, barred by the statute, is a sufficient
consideration to uphold a promise.   With respect to the
other defendants, who have not acknowledged the demand,
or promised to pay it, the acknowledgment of one joint
debtor, of the existence of the debt, is sufficient to take the
case out of the statute. (*Smith* v. *Ludlow*, 6 *Johns. Rep.*
267. 2 *H. Bl.* 340. *Doug.* 652.)   The court see no reason
why that principle should not apply to the case of executors,
heirs, and devisees, as well as to every other case.

Judgment for the plaintiff.