UTICA,<br>July, 1830.<br>Ostrom<br>v.<br>Calkins.

Motion for new trial denied.

---

## OSTROM *vs.* CALKINS.

*Slander* will lie for the speaking of words imputing *insolvency* to any one to whom *credit* is important in the prosecution of his business: thus to say, of a distiller, "there is a time when men will fail, who must fail, and Ostrom's time has come," was holden to be actionable.

THIS was an action of slander. The plaintiff was the owner of a distillery, and carried on the business of distilling extensively, purchasing large quantities of coarse grain. In the fall of 1828, the defendant and his nephews having entered into a contract with the plaintiff for the sale and delivery of about 3000 bushels of coarse grain, and a misunderstanding arising whether the grain should be paid for, as delivered in parcels, from time to time, or whether the whole should be delivered before payment, the defendant refused to perform the contract, and made the circumstance the subject of repeated conversations with a number of individuals, saying, that he would not part with the grain as he was apprehensive he would not be paid for it, and amongst other remarks, speaking of the plaintiff, said, "there was a time when men would fail, who must fail, and Ostrom's time had come." In justification of the speaking of the words, the defendant called a number of witnesses, creditors of Ostrom, who testified that they had demands against Ostrom in the fall of 1828, and that they in vain had repeatedly called for

UTICA,
July, 1830.

Ostrom
v.
Calkins.

payment; and it was further proved, that in the same fall Ostrom was heavily indebted at the banks. On the part of the plaintiff it was proved that he was the owner of a large real and personal estate far exceeding the amount of debts owing by him. One of the witnesses testified, that when subpœnaed by the plaintiff, he asked him if he thought what Calkins had said had been any injury to him; to which he answered that he did not know that it had, but it had occasioned some of his creditors to crowd him. A motion for a nonsuit on the ground that the words were not actionable was made and denied, and the jury found a verdict for the plaintiff for *$350*. A motion was now made for a new trial on the ground that the verdict was against evidence, and that the damages were excessive; and a motion in arrest of judgment was made at the same time.

*J. A. Spencer,* for defendant.

*P. Gridley,* for plaintiff.

*By the Court,* SAVAGE, Ch. J. Two points arise in this case; 1. Whether the words spoken are actionable? 2. Whether the damages are excessive? The general rule is, that words are actionable which directly tend to the prejudice of any one in his office, profession, trade, or business, in any lawful employment by which he may gain his livelihood. To say of any one to whom credit is important in the prosecution of his business, that he is insolvent, must be actionable on the same principle that it is actionable to say so of a merchant. To say therefore of a distiller, the course of whose business is to purchase grain on credit, that he must fail, that his time has come, is actionable. In actions for torts, verdicts are not set aside for excessiveness of damages, unless the amount evince passion, prejudice, or partiality in the jury. We discover nothing of the kind in this case.

New trial denied.