Tracy *v.* Rathbun.

---

SAME TERM.   *Before the same Justices.*

TRACY *vs.* RATHBUN and others.

A rejoinder, by one of several defendants, to a replication averring a new promise by the defendants within six years, that *he, the defendant,* did not make a new promise, without denying that the other defendants did so, is bad on special demurrer.

*Stilwell* v. *Hasbrouck,* (1 *Hill,* 561,) to the contrary, overruled.

If a demurrer states the *fact* on which the objection raised by it is founded, and calls the attention of the pleader to the point in which the pleading is defective, it is sufficient; without saying, in words, that the pleading is argumentative, or is incapable of trial by reason of the party's pleading the law instead of the fact.

DEMURRER to rejoinder.   A synopsis of the pleadings is contained in the opinion of the court.

*Matteson & Doolittle,* for the plaintiff.

*A. Z. McCarty,* for the defendant Rathbun.

*By the Court,* GRIDLEY, J.   The pleadings in this cause were as follows: 1. A declaration against all the defendants upon a joint indebtedness for merchandise, &c. and a promise to pay the plaintiff, &c.   2. Two pleas by Rathbun alone, (impleaded, &c.) first, non-assumpsit; secondly, a special plea that *he the said defendant* did not promise at any time within six years, &c.   3. A replication, averring that after the expiration

Tracy v. Rathbun.

of six years, and within six years next before the commence-ment of the suit, (viz. &c.) the defendants *assented* to, *rati-fied, renewed*, and *confirmed* the promise in the declaration mentioned. 4. Rejoinder, that *he the said defendant* did not assent to, nor ratify, nor renew, nor confirm the said promise. 5. Demurrer, assigning as a special cause that the rejoinder purports to answer the replication, but does not, for that it al-leges that *he the defendant* did not assent to, ratify, &c. instead of alleging that all the defendants did not assent to, ratify, re-new and confirm the said promise. The question presented for our decision upon this demurrer is, whether the defendant Rathbun's rejoinder is good in form and substance. It has been supposed by the defendant's counsel that the case of *Stilwell* v, *Hasbrouck*, (1 *Hill*, 561,) is decisive against the demurrer and in favor of the rejoinder. In my opinion it is not. It does not even *profess* to decide that such a mode of pleading is good *in form ;* and it is not an *authority* except in a case where the pleadings are the same with those in the cause decided.

One would suppose that the pleadings in the case before us were framed with the intention of raising an issue of law ; and of presenting for the decision of the court the question whether, when the statute of limitations had run six years against a joint promise founded on a joint indebtedness, a renewal of the prom-ise by *one* of the joint debtors would revive it against *all.* If the defendant, in his rejoinder, had expressly admitted, as a matter of fact, that all the other joint debtors had ratified and renewed the promise stated in the declaration, and alleged as a defence, applicable to *himself*, notwithstanding such renewal by his co-defendants, that *he did not personally* ratify and re-new them, it is presumed that no counsel would be hardy enough to deny that a demurrer to such plea would present that precise legal question for decision. If it would not, then there is no way of stating the facts in such a case so as to raise that question upon the pleadings for the decision of the court. To do this, however, is the very office of special pleading.

Now I maintain that by the well established rules of special pleading, the rejoinder in this case just as clearly admits the

ratification and renewal of the alleged promise by the other joint debtors, as if the admission had been expressed in words on the face of the pleading. The replication had averred a renewal by *all* the defendants. To this the defendant Rathbun answers in substance. " You ought not to recover against *me*, because I deny that *I* personally renewed the promise in question." This, by the rules of special pleading to which I have alluded, is an admission by Rathbun of the fact of the renewal by the other defendants; because, he does not deny such fact. Every fact alleged in a previous pleading, and not denied in the answer to it, is in law admitted, and cannot thereafter be disputed. Mr. Chitty says, (1 *Chit. Pl.* 650, *7th Am. ed.*) " It is a rule that every pleading is taken to confess such traversable matter of *fact* alleged on the other side as it does not traverse. So also, (*Id p.* 644,) the pleader " confesses those facts which are not expressly denied." And he gives an instance to show how strictly this rule is applied; showing that it is deemed to be an admission on *the record* that precludes the party from giving evidence to contradict the fact so confessed, with the view of raising a presumption of *another fact*, bearing on an indepedent issue.

Now let us see how this plain rule of pleading is sought to be evaded and subverted. It is said that because the renewal of a promise by *one* joint debtor, is in law a renewal by *all*, (the very point presented for decision by the demurrer,) the *denial* that *Rathbun* renewed the promise is a denial that *all* renewed. This, it is seen, will give Rathbun - the certainty of success, upon the demurrer, whether the law is *for* him, or *against* him. His argument to the court is this : " If the rule be established, as I claim it should be, that a renewal by my co-defendants is not a renewal against *me*, then I demand judgment on that ground. But if it shall be determined that a renewal by *one* is, in law, a renewal by *all*, then, I insist, that when I *denied* any renewal by myself, such denial shall be construed as a denial that *any one of the defendants* ratified and renewed the promise alleged in the declaration, and therefore that the rejoinder is a full answer to the replication, and

creates an issue of fact in the cause,  It will follow, upon this reasoning, that the demurrer is erroneously taken, and must be overruled." It will thus be seen, that if it be determined that a renewal by one is not a renewal by all, then the defendant succeeds on that ground : and if it be determined that a renewal by one *is* a renewal by *all*, then he will succeed, because the court will construe his denial that he renewed the promise, as a denial that *he* or *any other defendant* renewed them.

I can only say, that before such an argument can be successfully addressed to me, I must see a case *in point* which compels me to yield a submission to this doctrine upon the stern principle of *" stare decisis."* My reasons are these : (1.) To adopt the doctrine contended for, we must violate the well settled rule of pleading which declares that what is alleged in a pleading and not denied in the answer to it, is admitted.   (2.) To change the denial of a renewal by Rathbun, pleaded as a fact, into a denial of a renewal by any one of four co-defendants, as a matter of law, is in direct hostility to several other well settled rules for the guidance of courts in the construction of pleadings.   It is the office of pleading to state *facts*, and *facts only*.   (1 *Ch. Pl.* 572, 3.)   We are therefore bound to regard this denial as a matter of fact ; and the fact thus pleaded is, that Rathbun did not *himself personally*, by his own act, renew the promise.   This I assert to be the fair and natural interpretation of this denial.   But, we are not left to this rule of construction alone ; for there is another which ordains that where a pleading is open to two constructions, that shall be adopted by the court which is most strongly *against the pleader*.   (1 *Ch. Pl.* 271.)   In the face of this rule of construction, are we at liberty to hold (upon a demurrer to this rejoinder founded on the omission of any denial that the other defendants renewed,) that a denial, by this defendant, in its very terms restricted to himself, shall be enlarged and amplified into a denial of a renewal by the other defendants?   (3.) Such a construction will involve the absurdity of enabling the defendant to insist upon two opposite legal doctrines, and to succeed on this demurrer whichever shall be adopted.   If the counsel could satisfy the

Tracy *v.* Rathbun.

court that the other defendants could not renew the promise so as to charge his client, then he would have judgment on the law of the case, by giving the rejoinder its obvious interpretation. If he should fail in this, then he succeeds by enlarging his individual denial, into a denial for all the defendants—a construction not warranted by the words of the rejoinder, and in direct conflict with the settled rules of interpretation ; whether we apply the popular or legal rules of construction to the pleading in question. (4.) If, however, this restricted denial is to be construed as a denial applicable to all of the defendants, then it must be done by considering the defendant as pleading the *law* and not the *fact*, and of arriving at the desired conclusion by *argument*, and not by a direct and plain *averment.* The pleading is therefore bad in form, and liable to objection on a special demurrer. This defect of form is reached by the special cause of demurrer assigned. It states the *fact* on which the objection is founded, and calls the attention of the pleader to the point in which the pleading is defective ; and in my judgment that is enough, without saying, in words, that the rejoinder was argumentative, or was incapable of trial, by means of the defendant pleading the law instead of the fact. When the demurrer points out and specifies the defect complained of, that is enough, without christening it by name.

It is a matter of some surprise that the doctrine contended for by the defendant's counsel should ever have found favor with the court. The point could not have been considered by Justice Cowen with his usual care, in the case cited from 1 *Hill,* 561. And the principle must have been confounded with that which would prevail in actions of tort, where each defendant stands upon his own merits, and is not affected by the acts of his co-defendants ; or with that which is applied to a case where a plaintiff declares upon a joint contract, and where the plea of non-assumpsit by one defendant, denying that *he* promised, would be a perfect defence. But the case at bar is far different. The fatal distinction for this defendant is, that upon the question of *reviving* a promise barred by the statute of limitations, it is immaterial whether *he* personally renewed the

original promise or not, provided any of his co-debtors had done so. (*See* 15 *John. Rep.* 3; 4 *Cowen's Rep.* 494; 7 *Wend.* 441.) Indeed, so well settled is this principle, that the courts have for many years refused to hear an argument upon it.

There must be judgment for the plaintiff on the demurrer.

---

SAME TERM.   *Before the same Justices.*