LANE and others, adm'rs of Burr, *v.* DOTY and others, ex'rs of Berry.

By the death of one of two joint contractors the joint contract is severed, and the privity of contract, and unity of interest are destroyed.

After a joint contract has been severed by the death of one of the contractors, the survivor cannot revive it by an acknowledgment, as against the personal representatives of the deceased, so as to prevent the statute of limitations from attaching.

Accordingly, *Held* that the payment of interest on a note by the principal debtor, after the death of the surety, but before the statute of limitations has run against the note, will not prevent the statute of limitations from attaching as against the executors of the surety.

THIS was an action of assumpsit, tried at the Warren county circuit, before the Hon. John Willard, circuit judge, in Oc-

Lane *v.* Doty.

tober, 1846.  The suit was brought upon a joint and several promissory note for $300, dated March 27, 1837, payable on the 1st of September then next, to Jonathan Burr or order, and signed by Charles Beadlestone as principal, and by Sidney Berry as surety.  Berry died on the 1st of April, 1839, and Jonathan Burr died on the 30th Dec. 1844.  The suit was commenced on the 7th of March, 1846, against the executors of Berry.  The defendants pleaded the statute of limitations, upon which issue was joined.  The execution of the note was admitted.  On the back of the note was an endorsement stating that $200 had been received thereon, on the 7th of October, 1837, from Beadlestone.  The plaintiffs proved that Beadlestone, one of the makers of the note, on the 7th day of March, 1840, paid to Burr the interest then due on the note, and that Burr endorsed such payment on the note ; that Burr then told Beadlestone he wanted him to pay the note, and said he did not wish to call on the executors of Berry for it; and that Beadlestone replied, that his father was going to assist him, and then he would pay the balance of the note.  To this evidence of payment by Beadlestone, and of what occurred on the 7th of March, the counsel for the defendants objected.  But the evidence was admitted, and the defendants excepted. The defendants moved for a nonsuit, on the ground that the plea of the statute of limitations had been sustained.  That motion was denied, and the defendants excepted.  The judge charged the jury that the evidence of the payment and acknowledgment by Beadlestone, on the 7th of March, 1840, was sufficient to take the case out of the statute of limitations, as against the executors of Berry, and that the plaintiffs were entitled to recover.  The defendants excepted to the charge. The jury rendered a verdict for the plaintiffs, and the defendants moved for a new trial.

*H. R. Wing*, for the plaintiffs.

*E. H. Rosekrans*, for the defendants.

Lane *v.* Doty.

*By the Court*, PAIGE, J. The only question in this case is, whether the payment of the interest on the note, on the 7th of March, 1840, by Beadlestone the principal debtor, after the death of Berry the surety, but before the statute of limitations had run against the note, prevented the statute from attaching as against the executors of the surety, until the expiration of six years from such payment. The promise by Beadlestone to pay the balance of the note, when his father had assisted him, was a conditional promise, and is unavailable as a promise, to revive or continue the remedy, even as against Beadlestone, without proof that the assistance referred to had been rendered by his father.

The case of *Whitcomb* v. *Whiting*, (*Doug.* 652,) decided in the court of king's bench in 1781, is the leading, if not the first case, where the doctrine was advanced, that a part payment by one of the makers of a joint and several note, is binding upon his co-maker, and will take the note out of the statute of limitations. In that case Lord Mansfield said " payment by one is payment for all, the one acting virtually, as agent for the rest ; and in the same manner an admission by one is an admission by all ; and the law raises the promise to pay, when the debt is admitted to be due." And Willes, J, added, " The defendant has had the advantage of the partial payment, and, therefore must be bound by it." The English courts have expressed a determination not to extend the principle of *Whitcomb* v. *Whiting* ; and in *Atkins* v. *Tredgold* (2 *Bar. & Cres.* 23,) the court of king's bench held that a part payment of a joint and several note, by a surviving maker, did not take the case out of the statute of limitations, so as to make the executors of the deceased maker, liable. Abbott, C. J., in that case, says " *Whitcomb* v. *Whiting* was relied upon to show that the part payment would take the case out of the statute of limitations. It is not necessary to say whether that case, which is contrary to a former decision in Ventris, would be sustained, if reconsidered ; but I am warranted in saying, by what fell from Lord Ellenborough, in *Brandon* v. *Wharton* (1 *B. & A.* 463,) that it ought not to be extended." Afterwards, in *Slater* v.

*Lawson*, (1 *Bar. & Adol.* 396,) it was decided that a part payment of a joint and several promissory note, by the executors of a deceased maker, would not take the debt out of the statute of limitations as against the survivor. Lord Tenterden, Ch. J. said the case did not differ essentially from *Atkins* v. *Tredgold*; that the same principle was applicable in both cases; " that where a joint contract is severed by the death of one of the contractors, nothing can be done by the personal representative of the other to take the debt out of the statute as against the survivor." In *Atkins* v. *Tredgold*, Holroyd, J. distinguishes that case from *Whitcomb* v. *Whiting*, upon the ground that the partial payment was made after the severance of the joint contract by the death of John Tredgold. And he says that the note then became the several note of the parties to it. The decisions in *Atkins* v. *Tredgold* and in *Slater* v. *Lawson*, restrict the operation of the principle of *Whitcomb* v. *Whiting* to the original parties to the note, and establish the rule, that only such parties are bound by the part payment or acknowledgment of one of the joint makers of the note ; that a part payment or acknowledgment, to take the case out of the statute, must be made in the lifetime of the joint promissors sought to be charged, and by a party originally liable. The principle of *Whitcomb* v. *Whiting*, as thus restricted, was re-affirmed in *Pelham* v. *Raynal* (2 *Bing.* 306 ;) *Burleigh* v. *Scott* (8 *Bar. & Cress.* 36 ;) *Chippendale* v. *Thurston* (4 *Car. & Payne*, 98,) and in *Pease* v. *Hirst*, (10 *Bar. & Cress.* 122.) In *Pitman* v. *Foster*, (1 *Bar. & Cress.* 248,) where a joint promissory note was made by one Foster and by one Mary Norris while a feme sole, and after the marriage of Mary with John Norris, an action was brought against Foster and John and Mary Norris, and the promise was laid by Foster and Mary Norris before her marriage, and the defendants pleaded the statute of limitations ; whereupon issue was joined ; it was held that an acknowledgment of the note by Foster within six years, but after the marriage of John and Mary Norris, was not evidence to support the issue. This decision seems to be in accordance with *Atkins* v. *Tredgold*, and *Slater* v. *Lawson*; and an af-

firmation of the principle that the acknowledgment of one of two or more joint makers of a promissory note, is only binding on the original parties to the same.

Lord Mansfield, in *Whitcomb* v. *Whiting*, put his decision on the virtual agency which existed between the joint makers of a joint and several promissory note, which authorized each maker to act for his co-makers; and which made his acts and declarations in regard to the note, binding upon them. The joint interest between them must have been understood as creating a relationship similar to that of existing copartners; whose acts and declarations during the continuance of the partnership are binding as evidence, or otherwise, upon each other, although not assented to. (*Story on Part.* § 323. 1 *Greenl. Ev.* § 174.) If the principle of agency is the foundation of the rule laid down in *Whitcomb* v. *Whiting*, whenever the agency is at an end, the rule should cease to be applicable. The agency grows out of, and is created by the joint contract of the makers of the note. Whenever this joint contract is severed, which is done by the death of one of the joint contractors, the joint interest between the parties ceases; and the agency created by this joint contract and joint interest must cease also. And the declarations and acts of an agent, after his agency has ceased, are constantly held inadmissible as evidence against his principal. (*Story on Part.* § 323.) By the death of one of two joint contractors the joint contract is severed, and the privity of contract and unity of interest are destroyed. (*Atkins* v. *Tredgold*, 2 *Bar. & Cress.* 23. *Slater* v. *Lawson*, 1 *Bar. & Adol.* 396.) By the death of one of the joint promissors in a joint note, the note becomes the several note of the parties to it. And no rule of evidence will allow the admissions of several parties to several contracts, not connected together by a unity of interest, to be received in evidence against each other. In case of a joint contract, if one of the parties died, his executor or administrator is at law discharged from liability, and the survivor alone can be sued. If the contract is several, or joint and several, the executor of the deceased may be sued at law in a separate action, but he cannot be sued

jointly with the survivor, because one is to be charged *de bonis testatoris* and the other *de bonis propriis*. (1 *Chit. Pl.* 50.)

The admissions of the several parties to a contract, are only receivable in evidence against each other, where there is some joint interest between them. It is the joint interest, and not a mere community of interest, which renders such admissions competent evidence. (1 *Greenl. Ev.* §§ 174, 176, 3*d ed. Osgood* v. *Manhat. Co.* 3 *Cowen*, 622, 323, *in error*.) Therefore it has been held, that the acts and admissions of executors are not evidence against heirs and devisees, in a suit in which they are all defendants; although one of the executors is one of the heirs and devisees, and the remaining two executors are husbands of two of the devisees. (*Osgood* v. *Manhat. Co.* 3 *Cowen*, 612.) So it has been held, that an acknowledgment or admission by an executor or administrator, will not affect the right of the heir or devisee to plead the statute of limitations, in a suit in which they are made joint defendants. (*Mooers* v. *White*, 6 *John. Ch.* 372.) Nor can the admissions of one executor be received in evidence against his co-executor, either to establish the original demand or to take the case out of the statute of limitations; although the executors are in law but one person, and have a joint authority over the whole estate, and the acts of each are deemed the acts of all. (*Bac. Ab.* 31. 4 *Cowen*, 494. *Greenl. Ev.* § 176. *Forsyth* v. *Ganson*, 5 *Wend.* 561. *Hammond* v. *Huntley*, 4 *Cowen*, 494. *McIntyre* v. *Morris*, 14 *Wend.* 97. *Cayuga Co. Bank* v. *Bennett*, 5 *Hill*, 239. *Tullock* v. *Dunn*, *Ry. & Moo. N. P.* 416, *per Abbot, Ch. J. Scholey* v. *Walton*, 12 *Mee. & Wels*, 510. *Shewen* v. *Van Derhorst*, 1 *Rus. & Mylne*, 347. *Peck* v. *Botsford*, 7 *Conn. Rep.* 172. *Thompson* v. *Peters*, 12 *Wheat.* 565.) Cowen J., in *Cayuga Co. Bank* v. *Bennett*, (5 *Hill*, 239,) says the remark of Woodworth, J. in *Hammond* v. *Huntley*, (4 *Cowen*, 493,) that an admission of one executor would take a case out of the statute of limitations, was *obiter*. In *Thompson* v. *Peters*, (12 *Wheat.* 565,) it was held that the admissions of all the personal representatives would not take the case out of the statute of limitations. For the same reason—the absence of a joint in-

Lane *v.* Doty.

terest—the admissions of one tenant in common cannot be received in evidence against his co-tenant, though both are parties on the same side in the suit. (*Greenl. Ev.* § 176. *Dan* v.. *Brown*, 4 *Cowen*, 483, 492.) For the same reason it was held, in assumpsit for money paid by the plaintiff as surety, against several of his co-makers, on a promissory note, that the admission of one of the defendants, a co-maker, that the plaintiff was surety on the note for all the others, was inadmissible to affect any one besides himself. (*Warner* v. *Price*, 3 *Wend.* 397.) It was upon the same principle—the absence of a joint interest after the severance of the contract by the death of one of the joint makers of the promissory note—that it was held in the cases of *Atkins* v. *Tredgold*, and *Slater* v. *Lawson*, that the acts and admissions of a surviving promissor and of the executor of his co-promissor, were not binding upon each other; even so far as to take the note out of the statute of limitations. Nor are the admissions of one of several devisees or legatees admissible to impeach the validity of a will, where they may affect others not in privity with them. (*Hamberger* v. *Root*, 6 *Watts & Serg.* 431.)

The cases in relation to the effect of admissions, of one of several partners, made after dissolution, in preventing his partner from pleading the statute of limitations, do not conflict with the foregoing positions. The contracts of partners, made during the copartnership, continue to be joint contracts after dissolution; and a joint interest in such contracts consequently continues to exist between the partners, so as to bring the case of admissions or acknowledgments, made by one of them after dissolution, within the principle of *Whitcomb* v. *Whiting*. The dissolution of the partnership does not sever their partnership contracts, nor disunite their joint interest in them The partnership, after dissolution, is in one sense considered as continued, until the affairs of the partnership are finally settled. (6 *Cowen*, 441.) The qualified joint tenancy between the partners is not destroyed, until all the partnership debts are paid. (*Story on Part.* § 325. 2 *Barb. Sup. Court Rep.* 628, 629.) But none of the partners, after dissolution, can create any new

Lane *v.* Doty.

contracts binding upon the partnership. (*Story on Part.* § 322.) In accordance with this principle it was held in *Hackley* v. *Patrick*, (3 *John.* 536,) that the acknowledgment of an account by a partner, after dissolution, would not bind his copartners. But in *Smith* v. *Ludlow*, (6 *John.* 269,) the supreme court decided, that although an acknowledgment of one partner after dissolution, will not of itself be evidence of an original debt, as that would enable one partner to bind the other in new contracts, yet that the original debt being proved or admitted, the confession of one will bind the other, so as to prevent him from availing himself of the statute of limitations ; and the court add "this is evident from the cases of *Whitcomb* v. *Whiting*, and of *Jackson* v. *Fairbanks*, (*Doug.* 652 ; 2 *H. Black.* 340 ;) and it results necessarily from the power given to adjust accounts." Thus the supreme court, by founding this decision upon the cases of *Whitcomb* v. *Whiting* and *Jackson* v. *Fairbanks* must have held the confession of one partner, after dissolution, in relation to a partnership contract, binding upon his copartners, on the ground of the joint contract, and the joint interest which all the partners have in it. In *Hopkins* v. *Banks*, (7 *Cowen*, 653) and in *Patterson* v. *Choate*, (7 *Wend.* 445,) the principle advanced in *Smith* v. *Ludlow* was repeated and sanctioned.

The supreme court of the United States, and the courts in several of the states, have laid down the rule differently, as to the acknowledgment of a debt by a partner, after dissolution ; holding that it will not take the debt out of the statute of limitations, as against his copartners. The cases turn mainly upon the question, whether the admission of an existing debt amounts to the creation of a new contract, or to a mere revival of the remedy. The courts which have regarded it as a new contract, have held that the acknowledgment of the debt by one partner, after the dissolution, would not take the case out of the statute of limitations as to his copartners. Mr. Justice Story, in *Bell* v. *Morrison*, (1 *Peters*, 367,) argues with great ability this side of the question. A similar view of the question has been taken by the courts of Pennsylvania, Kentucky, Indiana,

Georgia and Tennessee. The courts of New-York, Massachusetts, Connecticut, Maine, North Carolina and Maryland, have regarded the admissions of a partner, after dissolution, not as creating a new contract, but as mere acknowledgments of the continued existence of the original debt, and as only reviving or restoring the remedy, and thus taking the case out of the statute of limitations, as to all the partners. (1 *Greenl. Ev.* § 113, *note* 5.) The doctrine of Judge Story, advanced in *Bell* v. *Morrison* is referred to by Judge Marcy, in *Dean* v. *Hewit*, (5 *Wend.* 263,) and he remarks that he cannot give full effect to it "without unsettling principles that have so long been established as to entitle them to be considered as the law of this state." The English courts regard a subsequent promise, or acknowledgment, as affecting the remedy only, and they have held that a promise or acknowledgment of a partner, after dissolution, is binding upon his copartner, and will take the debt out of the statute of limitations, as to them. ( *Goddard* v. *Ingram*, 3 *Ad. & El.* 839. *Wood* v. *Braddock*, 1 *Taunt.* 104.)

The case of *Johnson* v. *Beardslee*, (15 *John.* 3,) was cited on the argument, for the plaintiffs. That was an action of assumpsit against heirs and devisees. The plaintiff relied on a promise to pay, by two of the defendants, who were also executors of the deceased, to take the debt out of the statute of limitations. The court say, in their opinion, "with respect to the other defendants, who have not acknowledged the demand, or promised to pay it, the acknowledgment of one joint debtor of the existence of the debt, is sufficient to take the case out of the statute. (*Smith* v. *Ludlow*, 6 *John. Rep.* 267. 2 *H. Bl.* 340. *Doug.* 652.) The court see no reason why that principle should not apply to the case of executors, heirs and devisees, as well as to every other case." The decision in this case is founded on the cases of *Smith* v. *Ludlow, Jackson* v. *Fairbanks,* and *Whitcomb* v. *Whiting. Smith* v. *Ludlow* was a case of an acknowledgment by one partner, after dissolution ; which, as we have seen, is entirely distinguishable from the case before the court ; in the former, a joint contract and joint interest existing between the partners at the time of the

acknowledgment, and in the latter, the contract having been severed by the death of Berry, before the acknowledgment of Beadlestone. The same distinction exists between the case of *Whitcomb* v. *Whiting* and the present case. The remaining case of *Jackson* v. *Fairbanks*, cited in *Johnson* v. *Beardslee*, has been overruled, both in England and in this state. (*Branham* v. *Wharton*, 1 *Bar. & Ald.* 468. *Ex parte Dewdner*, 15 *Ves.* 499. *Roosevelt* v. *Mack*, 6 *John. Ch. Rep.* 291.) In *Jackson* v. *Fairbanks* it was held that the payment of a dividend by the assignees in bankruptcy of one of the joint makers of a promissory note, took it out of the statute, as to the other maker. The case of *Johnson* v. *Beardslee* was evidently decided without much consideration. If under the laws then in force, the heirs and devisees of a deceased debtor were not jointly liable as joint debtors are, to pay the debt to the creditors, then the decision in that case was unsupported by authority. Heirs and devisees are now severally liable for their respective proportions of the debt. Although they may be jointly sued, they are not jointly liable to pay the whole debt. (2 *R. S.* 454, 455.)

But the case of *Johnson* v. *Beardslee* is unlike the present case in this ; in that case all the heirs and devisees were liable to be jointly sued. In this case, the surviving maker of the note, and the executors of the deceased maker, cannot be jointly sued. The case of *Johnson* v. *Beardslee* may, however, be regarded as overruled. The court, in that case, applied the principle of the acknowledgment of one joint debtor taking the debt out of the statute of limitations as to the other joint debtors, to the case of executors, heirs and devisees. In 5 *Hill*, 240, (*The Cayuga Co. Bank* v. *Bennett*,) Justice Cowen intimates an opinion that the admissions by one of two executors, will not take the case out of the statute of limitations. (*Caruthers* v. *Mardes*, 3 *Ala. Rep.* 599.) Clearly, as to every other purpose, they are not evidence against his co-executors, or the estate. (4 *Cowen*, 493. 5 *Wend.* 558, 561. 14 *Wend.* 90, 98. *Peck* v. *Botsford*, 7 *Conn. Rep.* 172.) The English cases deny that the admission of one executor can

Lane *v.* Doty.

affect the others, even so far as to take the case out of the stat-ute. (*Atkins* v. *Tredgold*, 2 *Bar. & Cres.* 23. *Tullock* v. *Dunn, Ry. & Moo. N. P.* 416. 1 *Russ. & Mylne,* 347.) In *Mooers* v. *White,* (6 *John. Ch.* 272,) Chancellor Kent held that the admission of an executor or administrator, will not affect the right of the heir or devisee to plead the statute of limitations, although sued jointly with such heir or devisee. And in *Os-good* v. *The Manhattan Co.,* (3 *Cowen,* 622,) in error, it was held that the acts and admissions of executors were not evi-dence against heirs and devisees, in a suit in which they were all joined as defendants, and where one of the executors was an heir and devisee, and the other executors were husbands of heirs and devisees. In that case the rule was laid down, that to warrant receiving admissions in evidence of one, in preju-dice of another, they must have a joint interest in possession; not a mere community of interest. (*See Boyce* v. *Watson,* 3 *J. J. Marsh,* 498.)

No good reason can, in my judgment, be assigned for mak-ing a distinction between the admissions of an executor creating a debt against the estate, and acknowledging one already ex-isting—a distinction, as Judge Sutherland remarks (14 *Wend.* 97,) " very difficult, in many cases, to understand and practi-cally to apply."

I fully agree with the judges in *Atkins* v. *Tredgold,* (2 *Bar. & Cres.* 23,) that the case of *Whitcomb* v. *Whiting* ought not to be extended. And I think that it would be a violation of well settled principles, to allow the admissions of parties to a several contract, who have no joint interest, to be received in evidence against each other, for any purpose. And I find that the supreme court of Massachusetts, have come to the same conclusion, in *Hathaway* v. *Haskell,* (9 *Pick.* 42.) That court, in that case, decided that a partial payment of a joint and sev-eral note of two promissors, made by the administrator of one of them, will not take the note out of the statute of limitations as to the survivor.

To allow a surviving maker of a note to revive it, by an ac-knowledgement, as against the personal representatives of a

deceased co-maker, must necessarily tend to great inconvenience and hardship; as was justly remarked by Abbot, C. J. in *Atkins* v. *Tredgold*. If this doctrine was to prevail, an executor who, believing that a joint debt of the testator was barred by the statute of limitations, had fully administered all the assets in his hands, might subsequently be made liable to the payment of such debt, by the acknowledgment of a joint debtor with the testator. And that probably is the situation of these defendants; for it appears that this suit was not commenced against them, until the last day of the six years, succeeding the payment of interest upon the note in question by Beadlestone. That the payment on the note, by Beadlestone, was made before the statute had run against the note, I think does not distinguish this case, in principle, from the cases of *Atkins* v. *Tredgold*, and *Slater* v. *Lawson*. Those cases did not turn on the point that the payment was made after the statute had attached, but they were decided expressly upon the ground that the joint contract was severed by the death of one of the contractors, previous to the payment.

A new trial must be granted, with costs to abide the event.

