24   707
102   463

## WARE vs. CLOWNEY.

1. In slander for words spoken, the words charged, which were alleged to have been spoken of and concerning plaintiff, and of and concerning his trade and occupation as clerk for the firm of defendant and his partner, were as follows : "Your man (plaintiff) is plotting to blow me (defendant) and the concern (the firm) up, and I believe you have a hand in it :" *Held*, that the words were actionable, *per se*, when connected by the *colloquium* and innuendo with the plaintiff's occupation as clerk, without an averment of special damage : and that they were spoken in the present time, makes no difference.

ERROR to the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

THIS was an action of slander, by Clowney against Ware. The declaration contains two counts : The first avers, in substance, that the plaintiff was by trade a clerk, and at the time of the grievance complained of was in the employment of the defendant and one McClanahan, partners in the manufacturing of iron, as such; that the defendant, to vex, harrass, impoverish, oppress, and wholly ruin him, the plaintiff, in his said trade and occupation, and otherwise, in a discourse which he

had of the plaintiff, and of concerning him in his said trade and occupation, and his conduct and employment as clerk in the business of Ware & McClanahan, in the presence of one Jones Thompson and others, did, on the — day of July, 1849, falsely and maliciously speak and publish, concerning his said business and employment, the following false, malicious and defamatory words : " Your man Clowney (plaintiff) is plotting to blow me (defendant) and the concern (iron business) up, and I believe you (Thompson) have a hand in it. Clowney (meaning plaintiff) is a scoundrel ; is a dishonest man ; is a rascal ; is a swindler. You and Thompson have colleagued together, to blow me and the concern up."

The second count is like the first, except that it counts alone upon the words : " Your man Clowney (meaning the plaintiff) is plotting to blow me (defendant) and the concern (the iron business) up, and I (defendant) believe you (Thompson) have a hand in it ;" and then proceeds to aver, that Thompson, the person to whom these words were addressed, was also employed by the defendant and McClanahan in the business of making iron and digging iron ore, and that the defendant meant by these words to charge plaintiff and Thompson with being guilty of the offence of conspiracy to ruin and destroy the said business of Ware & McClanahan ; by means of all which, he has been injured, &c., in his reputation and trade, and Ware & Mc-Clanahan have refused to employ him, or continue him as their clerk ; to his damage," &c.

The defendant demurred to each count separately in the declaration, which demurrer was overruled ; and this ruling of the court is assigned for error.

WHITE & PARSONS, for plaintiff in error :

Words are to be construed according to their popular use, and not in their most harsh or innocent sense.—Hogg v. Dorrah, 2 Por. 213. To plot is to plan, to scheme, to contrive, to form a scheme of mischief against another. It does not ordinarily involve anything legally criminal. To plan, or scheme, or contrive to blow up a man or his business, would not reach the criminal intent necessary to constitute the offence of conspiracy.—See definition of conspiracy, Clay's Dig. 430 § 23.

These words, as stated in the first count, without an innuendo,

Ware v. Clowney.

it is contended, are not sufficient, of themselves, to constitute a charge of conspiracy, and are both changed and enlarged by the innuendo in the second count, in such manner as to vitiate the declaration.—Starkie on Slander 295.

The words used are in the present tense. They do not import an act done, but in process of being done. To say of a man, " You are murdering that man," would be no slander, because it leaves the offence incomplete. So, to say " You are plotting to blow me," leaves the offence incomplete.—Eaton v. Allen, 4 Co. R. 16 ; Cro. Eliz. 684 ; Scaton v. Cordvay, Wright 101 ; Mckee v. Ingalls, 4 Scam. 30. The word " swindle" is not actionable *per se.*—Chase v. Whitlock, 3 Hill 139 ; Stevenson v. Hayden, 2 Mass. 406.

An allegation that certain persons who are named, and divers other persons, would otherwise have employed plaintiff, is not sufficient to authorize proof of special damage by others than those who are named.—Johnson v. Robertson and Wife, 8 Por. 486.

Special damage, to sustain an action of slander, must be the legal and natural consequence of the slander.—Vicars v. Wilcocks, 8 East 3.

To maintain an action for words spoken, on the ground that they were injurious to the plaintiff in his business or occupation, the words must relate to his business character, and must impute to him misconduct in that character ; and it is not sufficient that the words are imputations on his morality, temper, or conduct generally, which would be injurious to him whatever was his pursuit.—Inland v. McGavish, 1 Saund. S. C. R. 155.

JOHN T. MORGAN, *contra,* in support of the declaration, cited the following cases : Burtch v. Nickerson, 17 Johns. 217 ; Lindsay v. Smith, 7 *ib.* 360 ; Johnson v. Robertson and Wife, 8 Por. 486 ; Sel. N. P. (2 vol.) 1273–5.

CHILTON, C. J.—We may concede, that the words alleged as slanderous are not actionable, as imputing a criminal charge ; but then the question comes up, Are they not actionable, *per se,* when connected by the *colloquium* and innuendo with the business or trade of the plaintiff as clerk ? We have looked into the cases upon the subject with much care, and, although our

first impression was the other way, we are satisfied that the declaration is good. It is averred, that the words were spoken of and concerning the plaintiff and his conduct as clerk, with intent to injure him in his said calling or trade. The words charge the plaintiff with plotting the ruin of one of his employers, in blowing up him and the concern with which he was connected as clerk.

That such an act of perfidy and mischievous scheming was calculated to injure him in his employment and calling, if it was true that he was guilty, there can be no question; and we think the authorities fully sustain the action.

In Johnson v. Robertson and Wife, 8 Porter 486, it was held, that to say of a physician " he has killed the child by giving it too much calomel," is actionable, without an averment of special damage.

In Ostrom v. Calkins, 5 Wendell 263, the following words were spoken of a distiller, who purchased grain on a credit for the purpose of carrying on his business: " There is a time when men will fail, who must fail, and Ostrom's time has come :" held that these words, connected with the circumstances, were actionable. Parker, C. J., said, " that words are actionable, which directly tend to the prejudice of any one in his office, profession, trade or business, in any lawful employment by which he may gain his livelihood."

The authorities generally concur in upholding this action, in three classes of cases which injuriously reflect upon the trade, profession or business of an individual, namely : 1st, when the words charge the person with a want of fidelity in his trade or profession generally ; 2nd, where they charge such person with dishonesty, corruption, or want of integrity, in a particular case ; and, 3d, where the words impute ignorance, or want of skill and capacity, in general terms.—8 John. 66, *arguendo*, and cases cited.

In Mott v. Comstock, 7 Cowen's R. 654, in speaking of the plaintiff's circumstances as a merchant, and of a debt due by him to one Harris, the defendant said : " There is poor Harris ; it is hard for him to lose his debt ;" *innuendo*, that the plaintiff was insolvent, and Harris would lose his debt in consequence of such insolvency : *Held*, that these words were actionable.

So, also, in Sewall v. Catlin, 3 Wend., a witness inquired of

the defendant " If there were any failures yesterday;" to which he replied, " Not that I know of ; but I understand there is trouble with the Messrs. Sewalls :" *Held*, that these words, taken in connection with the interrogatory to which they were a response, and the further fact that the Messrs. Sewalls were merchants, implied that they were embarrassed in their pecuniary matters and would probably fail, and were consequently actionable. Starkie on Slander 117 ; 5 John. 476 ; and 17 *ib.* 218, were cited. To say of a blacksmith " he keeps false books, and I can prove it," is actionable, without special damage being averred.—7 John. 217, Burtch v. Nickerson. In Seaman v. Bigg. Cro. Car. 480, the words spoken of a servant " he is a cozening knave, and has cheated his master of barley," were held actionable.

So, also, in Thomas v. Jackson, 3 Bing. 104, to say of one who carries on the business of corn vendor, " You are a rogue, and a swindling rascal. You delivered me a 100 bushels of oats worse by 6d. a bushel than I bargained for," was held actionable, without proof of special damage ; and Best, C. J., said, " that such would be the case with any words which imputed to a man fraudulent conduct in the business whereby he gained his bread." See, also, Bryant v. Lexton, 11 Moore's R. 344 ; Onslow v. Horne, 3 Wils. 186.

The case of Lumley v. Allday (1 Term R. 217, 223) was an action brought by a clerk of an incorporated company ; and the Court of Exchequer goes fully into the doctrine, and the principle is recognized as sound, that words spoken of persons touching their respective professions, trades or business, and which naturally tend to their damage, are actionable. In this case, the court qualify the principle as asserted in Onslow v. Horne, *supra*, that it is sufficient if the words *probably* tend to the plaintiff's damage. In the latter case, special damage must be averred.

These authorities, without adding further citations, are sufficient to show, that the declaration in the case before us is good. The charge of plotting to blow up the business or concern, the interest of which he was employed as clerk to sustain and advance, involves an imputation of dishonesty, perfidy and dereliction of his duty as clerk, which is directly and necessarily injurious, if believed, and, according to all the better authorities, is actionable, without special damage being averred.

That the words were spoken in the present time, constitutes no objection in cases of this character, but only when a criminal charge is made. They would then show that the crime was not consummated, and its commission could not be imputed by the words thus used.

This view renders it unnecessary for us to examine the other objections raised in the argument.

Let the judgment be affirmed.