FREDERICK B. POTTER, APPELLANT, *v.* SYLVANUS K. GREENE AND WILLIAM EPES, AS EXECUTORS, ETC., OF DAVID GREENE, DECEASED, RESPONDENTS.

*Evidence — declaration of one executor cannot be received in evidence to establish a demand against his co-executor — when the ground upon which an objection rests is sufficiently stated.*

In an action, brought to recover the value of the services rendered by the plaintiff while under the age of twenty-one years, in pursuance of the terms of certain articles of apprenticeship entered into between the plaintiff and the defendant's testator, the plaintiff contended that while living with the deceased he became discontented and dissatisfied, and determined in his own mind to disaffirm the contract and leave the family of the testator; that he had communicated to the testator his purpose to do so, and that he was denied the exercise of the right to disaffirm the contract by the duress of the latter, and that thereafter he continued in his service by the force of such duress and not by reason of the relations of master and servant produced by the articles of apprenticeship.

Upon the trial of the action the plaintiff was examined in his own behalf and was permitted, against the objection and exception of the defendants, to testify to a conversation he had with the defendant Epes, in the absence of the other executor, in which Epes admitted that the plaintiff's demand was just.

*Held,* that the evidence was incompetent and should have been rejected.

That it is a well-settled rule of evidence in this State that the declaration of one executor cannot be received in evidence against his co-executor for the purpose of establishing the original demand upon which the action is founded.

After the plaintiff had testified upon the trial that he and the defendant Epes were together at a time and place mentioned and had a conversation, he was asked by the plaintiff: "What was said about this case?" To which question the defendant objected upon the ground that the estate could not be charged by anything said by the executor at that time.

*Held,* that a claim, made by the plaintiff that the objection made by the defendant to the reception of the evidence did not state as a ground thereof the objection, that the declaration of one executor cannot be received in evidence against his co-executor, relied upon on the appeal, could not be maintained.

That, as it was manifest that the plaintiff intended to make an answer to the question, if permitted to do so, which would bring out the admission of the defendant Epes, as he did, the objection clearly indicated the true ground of objection.

APPEAL from an order of the Monroe county Special Term, entered in the clerk's office of that county on June 2, 1887, granting the defendant's motion for a new trial founded on the minutes of the justice before whom the action was tried, after a verdict in the

plaintiff's favor. The action was for work and labor performed by the plaintiff for the defendants' testator.

*James G. Garlock*, for the appellant.

*W. S. Hubbell*, for the respondents.

BARKER, P. J.:

The nature of the action, the circumstances of the case, and the facts which the plaintiff must maintain to support the verdict in his favor, are clearly stated in the opinion of Justice BRADLEY when this case was before us on a former appeal, reported in 39 Hun, 72. The defense was based on the alleged fact that the labor and services performed by the plaintiff were rendered by him for the decedent under and in pursuance of the terms of certain articles of apprenticeship entered into between the plaintiff and the defendant's testator. It is admitted by the plaintiff that he did commence living in the family of the testator under that agreement, and no other agreement was ever made between the parties relative to the plaintiff's service. The plaintiff contends that, while living with the deceased, he became discontented and dissatisfied, and determined in his own mind to disaffirm the contract, and leave the family of the testator; and had communicated to Mr. Greene his purpose to do so, and that he was denied the exercise of the right to disaffirm the contract by the duress of the latter; and that thereafter he continued in his service by the force of such duress, and not by reason of the relations of master and servant produced by the articles of apprenticeship. The plaintiff gave some evidence in support of his position. We held, in disposing of the former appeal, that the agreement was not void, but was voidable at the election of the plaintiff; and if he was deterred, as matter of fact, from making the election to disaffirm the contract, by threats and the fear of unlawful imprisonment, he might recover the value of his services rendered after the making of such threats by the testator.

On the trial the plaintiff, as a witness in his own behalf, was permitted to testify to a conversation he had with the defendant Epes, in the absence of the other executor, in which Epes admitted that the plaintiff's demand was just. This evidence was incompetent, and should have been rejected on the defendant's objection.

The admission must have strengthened the plaintiff's case very much in the mind of the jury. The admission was as broad as the plaintiff's demand, and was, in effect, a confession by one of the testator's personal representatives, who is a defendant, that the demand sued upon was legal and equitable, and that the plaintiff ought to recover a judgment in the action. It is a well settled rule of evidence in this State that the declaration of one executor cannot be received in evidence against his co-executor for the purpose of establishing the original demand upon which the action is founded. (1 Greenl. Ev., § 176; *Church* v. *Howard*, 79 N. Y., 415; *Hammon* v. *Huntley*, 4 Cow., 493; *Cayuga County Bank* v. *Bennett*, 5 Hill, 236; *Lane* v. *Doty*, 4 Barb., 530; *Finnern* v. *Hinz*, 38 Hun, 465.)

The general rule is, in order to make the admissions of a party binding on others, it must appear that their interests are joint and that a mere community of interest is not sufficient to make them receivable in evidence, although they are all parties on the same side in the suit. In this case the issues were formed by the answer of the testator, as the action was commenced in his lifetime, and his executors, who had been substituted as defendants, do not have a joint interest in the subject-matter of the litigation. Either of the defendants could separately defend the plaintiff's claim, and neither could have confessed a judgment for the demand in suit and bind the estate of the testator. The plaintiff insists that the objection made by the defendants to the reception of the evidence did not state as a ground of objection the one now relied upon, and for that reason the exception should be disregarded. The substance of the plaintiff's evidence is this, that he and Mr. Epes were together at a time and place mentioned and held a conversation. The question was then asked the plaintiff: What was said about this case? The objection interposed was, that the estate could not be charged by anything said by the executor at that time. It is manifest that the plaintiff intended to make an answer to the question, if permitted to do so, which would bring out the admission of the defendant Epes, as he did; and it was equally manifest that the defendant comprehended, when the question was propounded, that it was asked for that purpose, and we think the objection clearly indicated the true ground of objection, and the one now relied upon. The only facts

stated by the witness in his answer, which were pertinent to the matter in dispute, was the admission of the defendant Epes that the plaintiff's demand was a just one.   The admission was a separate and distinct fact, bearing on the issue being tried, disconnected with all the other facts and circumstances of the case, and the defendants could not have shown anything to avoid the force of the objection and make the evidence competent; and, therefore, a general objection to the reception of the evidence was sufficient.   In the order setting aside the verdict and granting a new trial it is stated that the motion was founded upon exceptions and because the verdict was contrary to the evidence.   The learned trial judge ordered a new trial on the ground that the verdict was against the weight of evidence and did not consider the exceptions.   We have read the evidence with attention, and are of the opinion that a case was made for the consideration of the jury, and, as there must be a new trial, we do not pass upon the question whether the verdict is against the weight of evidence, as, upon another trial, the plaintiff may be able to strengthen his case and the defendant's evidence may be less decisive in its character than it was upon the trial now under review.

Order affirmed, with costs to the respondents to abide the event.

All concur.

Order affirmed, with costs of this appeal to the respondents to abide the event.