Johnson *vs.* Robertson and wife.

JOHNSON *vs.* ROBERTSON & WIFE.

1. Where a scandalous imputation affects the accused, in his office, profession or business, an action of slander will lie without averring special damage.

2. Saying of a physician, "he has killed the child by giving it too much calomel," is actionable.

3. To charge a person with having killed another, without explaining or limiting the words, imports an accusation of murder, and is actionable.

4. Where words are actionable, in themselves, the law implies damage, and the action is allowed not only to compensate for pecuniary loss, but to afford redress for wounded feelings and prostrate reputation.

5. Where words are actionable, in themselves, it is not necessary to lay special damages, and no evidence of special damage can be received, unless specially averred.

6. An averment, that certain persons who are named, " *and divers other persons,* would otherwise have employed the plaintiff,"— is not sufficient to authorise proof of special damages, by others than those specially named.

7. Though a plaintiff may enhance damages by proof of special damages, it does not follow, that the jury are confined, in estimating the damages, to the pecuniary loss proved ;—they may compensate the injured party, taking into consideration, not only his pecuniary loss, but all the circumstances of the case.

8. A witness cannot be asked, in slander, if he knows of other persons refusing to employ plaintiff, by reason of the slanderous words spoken,—than those mentioned in the declaration.

Error to the Circuit court of Lowndes.

Slander, tried by *Harris,* J.

Johnson *vs.* Robertson and wife.

This was an action of slander, brought by the plain-tiff in this court, against the defendants, for slanderous words spoken by the wife.

The declaration contained eight counts. To all the counts, except the second, a general demurrer was filed, which were sustained by the court.

The second count differed from the other counts con-tained in the declaration, in this;—that it contained an averment, that in consequence of the speaking and pub-lishing of the words alleged to be slanderous, certain persons, mentioning their names, who otherwise would have employed plaintiff as a physician, had refused to employ plaintiff.

Issue, on the plea of not guilty, being taken on the se-cond count, the jury found a verdict for the defendants.

On the trial of the cause, a bill of exceptions was ta-ken, from which it appeared, that the plaintiff offered to prove by a witness, that other persons than those named in the declaration, had refused to employ the plaintiff as a physician, by reason of the words spoken; which was refused by the court.

The plaintiff also asked a witness, if he knew of any person refusing to employ the plaintiff, by reason of the words spoken; which question was objected to, and the objection sustained by the court.

The plaintiff moved the court to instruct the jury, that if he had proved any damages, the jury might give vin-dictive damages; which the court refused, and instructed the jury, that the measure of damages was limited to the extent of the injury proved to have been received: to which, exceptions were taken. These matters were as-signed for error.

*Phillips*, for plaintiff in error.

*James B. Clarke*, contra.

ORMOND, J.—The judgment of the court below, sustaining the demurrers to the first, third, fourth, fifth, sixth, seventh and eighth counts of the declaration, cannot be sustained. The slanderous words charged in the four first counts of the declaration, are, in substance, "he (meaning the plaintiff,) has killed the child by giving it too much calomel;" which words, it is alleged, were falsely and maliciously spoken of the plaintiff as a physician, and in the way of his profession and business, in his attendance upon the infant child of the defendant.

The only objection now made by counsel, to the counts which were demurred to, is, that the words are not slanderous. This is certainly incorrect, when the scandalous imputation affects the person accused, in his office, profession or business. An action of slander will lie, without averring any special damage; which is the form of the counts we are now considering. Scarcely any thing can be conceived, better calculated to injure a physician in his practice, than to accuse him of killing his patients. The inevitable inference is, that he is grossly ignorant of his profession, or neglectful of his patients. If these words do not include a slanderous imputation, when spoken of a physician, it is difficult to imagine what words would be sufficient.

The remaining counts of the declaration, charged the defendant with having "killed the child;" meaning, that the child, who was then dead, had been killed and murdered by the plaintiff. The words are slightly varied

Johnson *vs.* Robertson and wife.

in some of the counts, but, in substance, they are the same. It is not alleged, that they were spoken of the plaintiff as a physician.

To charge a person with having killed another, without any accompanying words, explaining or limiting the meaning of the words, imports an accusation of murder —(See 6 Bacon, 207, and Chandler vs. Holloway, 4 Porter's Rep. 17)—and are, of course, actionable.

The judgment of the court, therefore, sustaining the demurrers to each of the counts of the declaration, except the second, was erroneous.

The court also erred, in charging that the plaintiff could not recover damages, beyond the extent of the injury he had proven he had received by the slanderous charge.

It is true, as urged by the counsel for the defendant in error, that, in this action, the measure of damages is the extent of the injury received by the person slandered: but this he is not required to prove. When words are slanderous in themselves, the right to damages follows, as a consequence, from the speaking of the slanderous words; because, it is the inevitable tendency of slander, to injure the person slandered, in his reputation, profession, trade or business. It would frequently be difficult to prove any pecuniary injury from the slander, and always impossible to establish its full extent. Besides, the action is allowed not only to compensate for pecuniary loss, but to afford some redress for wounded feelings and prostrate reputation. Therefore, when words are actionable in themselves, the law implies damage.

The words being actionable in themselves, it was not

Johnson *vs.* Robertson and wife.

necessary to lay special damage ; but no evidence of special damage can be received, unless specially averred in the declaration. The averment, in the second count, that certain persons who are named, " and *divers other persons*, who would otherwise have employed the plaintiff in the way of his said profession and business," is not sufficient to authorise proof of special damage, by others than those specially named. But though the plaintiff may enhance the damages, by proof of special damage, it does not thence follow, that the jury are confined in estimating the damage, to the pecuniary loss proved to have been sustained. The jury may give such damages as will compensate the injured party, taking into consideration not only his pecuniary loss, but all the circumstances of the case.

There was no error in the court's refusing to permit a witness to be asked, whether he knew of any person refusing to employ the plaintiff, by reason of the words spoken. If the knowledge of the witness was derived from hearing such persons assign their reasons for not employing the plaintiff, it is open to the objection, of being hear-say testimony. If he inferred it from their conduct, they alone could explain the motives which influenced them. It is also obnoxious to the further objection, that it does not appear that the persons referred to, were those named in the declaration ; and, if not, they could not themselves have testified.

The judgment must be reversed, and the cause remanded for further proceedings, in conformity with this opinion.

GOLDTHWAITE, J., not sitting in this case.