## ADAMS and WIFE *vs.* ADAMS.

[ASSUMPSIT ON SPECIAL CONTRACT—QUESTIONS OF EVIDENCE]

1. *Evidence tending to show non-performance by plaintiff.*—In an action on a special contract, whereby defendant promised to pay in consideration that plaintiff, as agent and attorney in fact of another, would make him a good title to his principal's interest in a certain tract of land, plaintiff having proved that he afterwards delivered a deed for the land to the clerk for registration, it is competent for the defendant to show that the deed was in fact executed by the principal, and delivered to the plaintiff for the defendant, long before the making of the contract declared on, and had been wrongfully withheld and concealed by the plaintiff until after the making of the contract; and as tending to prove this, an instrument previously executed by the principal, and attested by the plaintiff, in form a deed, but inoperative as a conveyance for want of a seal, is not wholly irrelevant.

2. *Relevancy of evidence distinguished from sufficiency.*—Evidence which is *prima facie* relevant, though in itself insufficient, may be admitted when offered, since the court is not bound to assume that the party will not, before closing, offer other evidence in connection with it.

3. *Promise to pay in compromise of existing controversy—proof of want of consideration.*—Where a part of the consideration of the contract declared on was the abandonment of a contemplated suit against the defendant, as executor of his father, to set aside the probate of the will, and to obtain a distributive share of the estate, a receipt previously given by the distributee to the defendant, in full of all his rights and interest in the estate, and releasing both the executor and the estate from all claims and demands, though it may be ineffectual as a release, is admissible to prove a partial want of consideration.

4. *Evidence of pecuniary condition of parties to contract.*—In an action on a contract, made in compromise of an existing controversy, evidence of the fact that, at the time the contract was made, "plaintiffs were poor and in destitute circumstances," is not admissible for them.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by Spencer Adams and Elizabeth
his wife, against John Adams, who was the father of said
Elizabeth and the uncle of said Spencer, and was founded on
a contract which, in substance, was this : In July, 1849, there
was a controversy existing between the defendant and one
Jane Caudell, who was the sister of the defendant and the
mother of Spencer Adams, relative to the will and estate of
their deceased father, of which the defendant was the execu-
tor ; and Mrs. Caudell and her husband had appointed said
Spencer Adams their agent and attorney in fact, authorizing
him to demand and receive Mrs. Caudell's interest in her
father's estate, to make a settlement in her name with his
executor, and to convey her interest in the estate. In consid-
eration that Spencer Adams would abandon a contemplated
chancery suit in reference to these matters, and would make
to the defendant a good title to Mrs. Caudell's interest in a
certain tract of land which belonged to her father at the time
of his death, the defendant promised that he would give
Elizabeth Adams, the wife of said Spencer, a child's share of
his estate, which share is alleged to have been worth about
$25,000. The declaration also contained the common counts.
The pleas were, the general issue, want of consideration,
failure of consideration, payment, and the statute of limita-
tions of six years.

On the trial, as appears from the bill of exceptions, the
plaintiffs offered evidence tending to prove the contract
declared on, and then proved that said Spencer Adams, on
the 5th July, 1851, delivered to the clerk of the probate court
of Dallas, for registration, a deed purporting to have been
executed by said Jane Caudell and her husband on the 14th
November, 1835, and conveying to the defendant the tract of
land described in the complaint. The plaintiffs having rested
their case, the defendant offered in evidence a written instru-
ment, in form a deed, but not under seal, dated Sept. 15,
1833, signed by Jane Caudell and her husband, attested by
said Spencer Adams, and purporting to convey to the defend-
ant the same tract of land. On this deed was endorsed a

certificate of acknowledgment, taken by one of the judges of
the superior court of North Carolina, which bore some marks
of erasure; and also, on the same sheet of paper, a letter
from said Jane Caudell and her husband to defendant,
informing him that, after they had acknowledged the deed,
the judge examined it, and erased his certificate because the
instrument was not under seal. This instrument also bore
the certificate of the clerk of the county court of Dallas, that
he had recorded it on the 5th August, 1856 ; and the clerk
testified, that he thought the certificate of the judge was not
erased. The defendant also proved the signature of the
attesting witness to the deed ; and on this proof the court
admitted the deed, and the plaintiffs excepted. " But the
court afterwards charged the jury, that this deed did not
convey the title of Jane Caudell to the lands therein de-
scribed."

The defendant then offered in evidence, after proving its
execution, a writing signed by Abner Caudell, and dated
Feb. 8, 1832, which was in these words : " Received from
John Adams, executor of the estate of his father, Spencer
Adams, deceased, the sum of one hundred and thirty-eight
dollars, in full for all my right, title and interest in said
estate, whereof I, as a son-in-law of said Spencer Adams,
deceased, am one of the heirs ; and I hereby release and
discharge him, the said executor, and also the said estate,
from any and all demands and claims whatever, except the
proportion that may be coming to me of the property held as
dower-right by my wife's mother." The plaintiffs objected to
the admission of this receipt, but the court overruled their
objection, and they excepted to its decision.

" The plaintiffs offered to prove that, at the time of the
said agreement between said Spencer Adams and the defend-
ant, on the 28th February, 1848, the said plaintiffs were poor
and in destitute circumstances ; to which proof the defendant
objected, and the court sustained the objection; to which the
plaintiffs excepted."

The rulings of the court on the evidence, to which excep-
tions were reserved, are now assigned as error. ·

GEO. W. GAYLE and S. D. HAYS, for appellants.—1. The

court erred in allowing the deed from Caudell and wife, dated Sept. 15, 1833, to be read in evidence. It was not under seal, and therefore did not convey the land described in it. The act of 1839, providing that instruments purporting to be under seal shall be received as such, has no effect upon the case, because it was enacted after the execution of this instrument. Not conveying any title, the deed was irrelevant. Nor was it properly acknowledged.

2. The receipt from Abner Caudell to the defendant was not under seal, and therefore did not release any interest in the lands. If it had been under seal, its only effect would have been to release the husband's life estate, subject to the entry of the wife, or of her heirs, upon his death.—2 Kent's Com. 111.

3. The evidence excluded by the court, as to the pecuniary condition of the plaintiffs at the time the contract was made, was essential to the true interpretation of the contract.— Watts v. Sheppard, 2 Ala. 434 ; Ely v. Witherspoon, *ib*. 131; Bates v. Bank, *ib*. 452.

WM. M. BYRD, and ELMORE & YANCEY, *contra*.—1. The deed to which the plaintiffs objected, and to which Spencer Adams was an attesting witness, was clearly admissible to show fraud on the part of said Caudell and Spencer Adams ; and being admissible for that purpose, the objection, which was general, was properly overruled.—Hatchett v. Gibson, 13 Ala. 273 ; Havis v. Taylor, 13 *ib*. 324 ; Abney v. Kingsland, 10 *ib*. 355.

2. The receipt was admissible to show a want of consideration for the promise declared on, as well as fraud in procuring that promise.—Fant v. Cathcart, 8 Ala. 725, and cases *supra*.

3. Evidence of the plaintiffs' poverty could not have any effect on the validity or construction of the alleged contract, and was therefore properly rejected.

RICE, C. J.—The evidence for the plaintiffs showed, "that Spencer Adams was the son-in-law, and his wife the daughter, of the defendant ; that Spencer Adams was the son of Jane Caudell, who lived in South (North) Carolina ; that Jane Caudell and defendant were brother and sister; that Spencer

Adams, sr., was their father, who died in Dallas county in Alabama, in the year 1830, leaving real and personal property with his last will and testament," which was duly admitted to probate, and read in evidence ; that the defendant, in 1830, took out letters testamentary as the executor of said will ; that on the 22d July, 1847, the plaintiff, Spencer Adams, was appointed attorney in fact of Abner Caudell and his wife, Jane Caudell ; and that on the 29th February, 1848, he (the said Spencer) and the defendant made an agreement, the substance of which was, that if said Spencer "would abandon for Jane Caudell and Abner Caudell the commencement of a suit in chancery about to be commenced against the said defendant for the said Jane and Abner Caudell, *and would make him a good title* to the interest of Jane Caudell to the land mentioned in the complaint, he (the said defendant) would destroy a will which he had made, disinheriting the plaintiff Elizabeth Adams, and give her a child's share or part of his estate."

The bill of exceptions authorizes the inference, that the plaintiffs relied for a recovery on that agreement, and on the performance by the plaintiff, Spencer Adams, of all the obligations imposed by it on him. To show such performance, the plaintiffs proved that said plaintiff Spencer, on the 5th July, 1851, delivered to the clerk of the probate court of Dallas county a deed purporting to have been executed by Abner and Jane Caudell on the 14th November, 1835, and to convey to the defendant their right, title, claim and interest, in and to the land mentioned in the complaint; with certain certificates thereon, amongst which is a certificate of one of the judges of the superior courts of law and equity for the State of North Carolina, relating to the acknowledgment of Abner and Jane Caudell as to their execution of the deed. That certificate bears date September 16th, 1836. The deed and certificates were read in evidence by the plaintiffs ; the deed having been " produced by notice from the possession of the said defendant."

As against the plaintiffs, it is fair to assume, that the question of the performance on the part of the plaintiff, Spencer Adams, of the obligations imposed upon him by the said agreement, was material ; for, without proof of such perform-

ance, nothing appears in the evidence which gives them a semblance of a right to recover. Regarding that question as material, it was not erroneous to allow the defendant to show, that in fact there was no performance on the part of said Spencer. Evidence which *tended* to show that the deed which the said Spencer had delivered in 1851 to the clerk of said probate court, was a deed which had been sent or delivered to said Spencer by the grantors, *for the defendant, long before* the said Spencer had become their attorney in fact, and that he had improperly withheld and concealed it from the defendant, until after he had made the agreement with defendant relied on for a recovery in this suit, certainly *tends* to prove that he did not perform the obligation which a just construction of the agreement imposed upon him. That agreement was not that he would simply hand over to the clerk, or to the defendant, a deed which really belonged to the defendant, and which the said Spencer had long improperly withheld from him, but that he would *make* the defendant a good title. These views lead us to the conclusion, that the deed of Caudell and wife, dated September 15th, 1833, and attested by the plaintiff Spencer Adams, was not wholly irrelevant, and that there was no error in refusing to exclude it.

There was some evidence adduced by the plaintiffs, tending to show that at least a part of the consideration of that agreement was the abandonment of the *contemplated* suit in chancery by Abner and Jane Caudell against the defendant; that the defendant was the executor of the will of Spencer Adams, deceased, the father of said Jane; and that it was among the objects of that *intended* suit, to obtain for said Abner and Jane "an equal portion of the estate of said testator," a setting aside of his said will and its probate, and a settlement of the estate. It was competent for the defendant to show a total want of consideration for said agreement. It was, therefore, not erroneous to admit evidence offered by him before he had rested his defence, tending to show that a part of the consideration was wanting and did not exist; for the court was not bound to assume, before he had closed his testimony, that he could not and would not, before closing, prove that the other part of the consideration was also wanting and did not exist.—Cuthbert v. Newell, 7 Ala. Rep.

In this aspect of the case, there was no error in admitting the receipt executed by Abner Caudell to the defendant, who was executor as aforesaid. The receipt tended to prove that, as *to some* of the avowed objects of the *intended* suit, there was no ground for any such suit, especially by *Abner Caudell* and Jane Caudell; and that,, therefore, part of the consideration for said agreement was wanting and did not exist.— Stewart v. Bradford, 26 Ala. Rep. 410.

The evidence offered by plaintiffs, " that at the time of the said agreement between the said Spencer Adams and the defendant, the said plaintiffs were poor and in destitute circumstances," was properly excluded.—Ware v. Cartledge, 24 Ala. Rep. 622.

There is no error in the rulings of the court below, and its judgment is affirmed.