# POOL *vs.* DEVERS.

[SLANDER FOR WORDS SPOKEN.]

1. *Amendment of complaint.*—A complaint may be amended, after the sustaining of a demurrer on account of a misjoinder of defendants, by striking out the name of one of them.

2. *Evidence of plaintiff's pecuniary condition.*—In slander for words spoken, evidence of the plaintiff's poverty is irrelevant and inadmissible.

3. *General objection to evidence.*—A specific objection to irrelevant evidence is not necessary.

4. *When objection to evidence must be made.*—Illegal evidence should be excluded from the jury, on motion, at any stage of the cause.

5. *Admission of irrelevant evidence reversible error.*—The admission of irrelevant evidence is an error for which the judgment will be reversed, unless the record clearly show that no injury could have resulted from it.

6. *Impeaching absent witness whose testimony is admitted.*—If a party admits, for the purpose of preventing a continuance, that an absent witness, if present,

would testify to certain material facts, he cannot be allowed to adduce proof of counter declarations, made by the witness at a different time and place.

7. *Plea of justification.*—The plea of justification in slander, if not sustained may be considered in aggravation of the damages.

8. *Measure of damages.*—In slander, a charge to the jury, given at the request of the plaintiff, to the effect that, if they found for the plaintiff, the amount of damages was left altogether to them, but they could not give more than the amount laid in the complaint, is correct, and, at all events, not prejudicial to the defendant.

9. *Distinction between positive and negative testimony.*—Where one witness testifies positively, and another negatively, both being credible, greater weight is to be given to the former.

APPEAL from the Circuit Court of Montgomery. Tried before the Hon. C. W. RAPIER.

THIS action was brought by Marmaduke Devers, against James Bonham and James Pool, to recover damages for the false and malicious speaking by the defendants of certain words charging plaintiff with the crime of petit larceny. The defendants demurred to the complaint, "on the ground that two persons could not be joined in verbal slander." The court sustained the demurrer, and allowed the plaintiff to amend "by discontinuing the suit as to James Bonham, and striking his name from the declaration." The defendants then insisted, that this amounted to a discontinuance of the entire action; "but the court held the cause rightly in court as to Pool, and refused to dismiss the same." Exceptions were reserved to each of these rulings of the court.

"On the trial," as the bill of exceptions states, "the defendant introduced one Hardy Ryals as a witness, to prove the general bad character of the plaintiff. Said witness deposed, on his examination in chief, that he had never heard anything against the honesty of the plaintiff before the alleged larceny charged in this case; but that plaintiff had the reputation of being a man who would talk loosely, or prevaricate, but not that of telling malicious falsehoods. The plaintiff asked said witness, on cross examination, whether plaintiff was not a poor, hard-working, industrious man; and the witness answered, that he was. The defendant's counsel said nothing when

this question was asked and answered; but, on the subsequent examination of another witness, whom plaintiff asked the same question, the defendant's counsel objected, and also moved the court to exclude from the jury the answer of the witness Ryals to the same question. The plaintiff's counsel then withdrew the question, but insisted on the proof made by said Ryals. Thereupon the court refused to exclude the said proof made by Ryals, because the defendant's counsel made no objection to said proof when it was made; and the defendant excepted. There was no consent by defendant to said testimony of Ryals, other than might be inferred from the silence of his counsel.

"After the name of Bonham had been struck from the declaration, the plaintiff made a motion for continuance, on the ground of surprise in the plea of justification put in by the defendant. The defendant admitted, for the purpose of obtaining a trial, that one Hall, if present, would swear that defendant publicly spoke the words alleged in the declaration. At the time of making said admission, defendant gave notice that he would introduce witnesses to show that said Hall, a few days before, had publicly remarked, that he knew nothing whatever of said case, or the facts which plaintiff had summoned him to prove; and the plaintiff's counsel replied to this announcement, that he would object to such proof. The plaintiff read the admission as to Hall's testimony, and then rested his case. The defendant offered to prove what Hall had previously said concerning said case; but the plaintiff objected, and the court sustained the objection; to which the defendant excepted.

"The following charges, which the court gave at the request of the plaintiff, and to each of which the defendant excepted, were not abstract, to-wit:

"1. That if the jury believe from the evidence that Devers did not steal the money, then the plea of justification is not proved, and the failure to prove it ought to increase the plaintiff's damages.

"2. That the amount of damages, if they find for the plaintiff, is left altogether with the jury; but that they

could not, under the declaration, assess more than $10,000.

"3. That if the jury find that Davis, a credible witness, swears that he saw Devers pick up the ten-dollar bill, and hand it to Pool, and that Pool put it under him,—then his testimony was entitled to more credit than James Bonham's, who swears that he did not see Devers give the money to Pool."

The assignments of error embrace all the rulings of the court to which exceptions were reserved.

WM. P. & T. G. CHILTON, for appellant.

WATTS, JUDGE & JACKSON, contra.

WALKER, J.—The amendment of the complaint, by striking out the name of Bonham, was certainly permissible under section 2403 of the Code.—Wilkinson v. Moseley, at the present term.

2. Upon the trial, the plaintiff proved that he was a poor man. The defendant did not, at the time when this evidence was introduced, make any objection, but afterwards moved the court to exclude it. This evidence was illegal. The right of recovery, in an action of slander, cannot be determined, nor can the amount of the recovery be measured, by reference to the pecuniary condition of the plaintiff. That the plaintiff was a poor man, was not a legitimate matter for the consideration of the jury, in any point of view.—Adams and Wife v. Adams, 29 Ala. 433; Ware v. Cartledge, 24 Ala. 622.

3. This evidence was illegal upon its face; it required no reference to any other fact to make its illegality apparent. Upon the authority of Cunningham's Executor v. Cochran & Estill, 18 Ala. 478, and Davis v. The State, 17 Ala. 415, it is sufficient that the objection to such evidence should be general, and it is not necessary that a specific objection should be made.—Goldsmith, Forcheimer & Co. v. Picard, 27 Ala. 142.

4. As a general rule, "it is the duty of the court, at any stage of a cause, to exclude from the jury illegal proof."—Bush & Co. v. Jackson, 24 Ala. 273; McCreary, v. Turk, 29 Ala. 244; Pearsall v. McCartney, 28 Ala. 110. The

testimony under consideration does not come within any exception to the general rule.

5. We cannot say that the refusal to exclude the illegal evidence, was not injurious to the defendant. It was said in the case of Thomas v. DeGraffenreid, 27 Ala. 658, that "where irrelevant evidence has been admitted, the absence of injury must be very plain, to allow us to sanction the error." In this case, it not only does not appear that the defendant was not injured by proof of the plaintiff's poverty, but we can very well conceive that such evidence, in a slander suit, where the jury may give vindictive damages, may have very seriously prejudiced the defendant; especially, when the court, by overruling a motion to exclude it, has at least seemed to sanction its materiality.

6. To prevent a continuance of the case, the defendant admitted, that an absent witness, if present, would prove a certain material fact. The defendant proposed to prove that the witness had made declarations inconsistent with the proof which it was admitted he would make if present. The court refused to permit the proposed evidence to go to the jury, and in that refusal there was no error. The admission of the evidence would have violated the rule, that a witness cannot be discredited by proof of counter declarations, unless the witness was previously asked whether he did not make such declarations at a specified time and place. If the defendant was placed in a situation which deprived him of all opportunity to resort to that mode of discrediting the witness, it was the result of his own act in making the admission for the purpose of procuring the trial. He should have taken the result of a deprivation of such testimony into the account, when determining whether to make the admission or submit to a continuance.

7. The first charge given by the court asserted, in effect, that the plea of justification was an aggravation of the damages, if it was not sustained. This charge was correct, upon well-established principles, and well recognized authorities.—Lea and Wife v. Robertson, 1 St. 138;

Rhodes v. Ijams, 7 Ala. 574; Robinson v. Drummond, 24 Ala. 174.

8. In those actions where the damage goes on necessarily, from the nature of the action, increasing after the commencement of the suit, the plaintiff is not restricted in his recovery to the damages alleged in the declaration. Those actions are detinue, debt, ejectment, and the like. In actions of slander, the same principle does not apply. The second charge of the court, therefore, was correct; and, at all events, was not prejudicial to the appellant.—McWhorter v. Standifer, 2 Porter, 519; Bumpass v. Webb, 3 Ala. 109.

9. The third charge amounted to nothing more than the assertion, that where two witnesses are credible, and one testifies positively, the other negatively, the positive testimony is to be preferred. This is true, as a general rule, and we think the charge was free from error.

The judgment of the court below is reversed, and the cause remanded.