# Berdeaux *v.* Davis.

### Action for Slander.

1. *Count in action for slander; what not demurrable.*—In an action for slander a count averring that the defendant falsely and maliciously charged the plaintiff, in the presence of others, as having "*tried*" to steal, &c., "but could not," is equivalent to having charged him with an "*attempt*" to commit larceny, &c., and is not demurrable on that ground.

2. *Attempt to commit offense, misdemeanor; charge of, actionable.*—The attempt to commit a felony or misdemeanor, is a misdemeanor; an attempt to commit larceny involves moral turpitude, and such offense is indictable and punishable by fine, imprisonment, or hard labor; hence, a charge of such offense is actionable *per se.*

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN K. HENRY.

William J. Berdeaux, appellant, brought this suit against Evrit Davis, appellee, for $20,000 damages, alleging in one count of the complaint that said defendant "falsely and maliciously charged the plaintiff with an attempt to commit larceny by speaking of, and concerning him, in the presence of divers persons, in substance as follows : " William J. Berdeaux *tried* to steal Tobe Ready's hog, but he could not do it," &c. To this count the plaintiff demurred on the grounds that " said charge does not contain an express imputation of felony or of any crime or misdemeanor which is infamous, and there is no averment that an attempt to commit a larceny is an infamous crime, and the words therein alleged are not actionable within themselves." The court, upon hearing, sustained the demurrer, which ruling is now assigned as error.

W. D. ROBERTS, and J. M. WHITEHEAD, for appellant.—Words are actionable when they would subject the party to indictment, when infamous and involving moral turpitude.—See Towns. on Slander and Libel, 154. The attempt to commit a larceny is an offense for which the party may be indicted and convicted.—See Revised Code, 4199 ; Bishop Crim. Law, 683 ; *The State v. Murphy,* 6 Ala. 765 ; *State v. Wolfe,* 41 Ala. 412. An offense is infamous when humiliating and disgraceful punishment may be inflicted. Attempt to commit a felony

[Berdeaux v. Davis.]

or a misdemeanor was a misdemeanor at common law, and punishable by fine, imprisonment in county jail, or hard labor for the county.—See Revised Code, 3754, in connection with 4199, and the authorities above cited.

GAMBLE & BOLLING, and J. W. POSEY, *contra.*—The attempt of the plaintiff is to allege oral slander, and in order to render the words actionable, he must charge the commission of an offense indictable by law, and drawing after it an infamous punishment, or involving moral turpitude.—See *Smith v. Gafford*, 31 Ala. 45; *Cobson v. Horwood*, Minn. 94; *Perdue v. Burnett*, Minn. 138; *Thirmen v. Matthews*, 1 Stew. 384; *Hillhouse v. Peck*, 2 Stew. & Port. 395. It is not sufficient that the words are armed or charged in general terms; they must contain " *an express imputation of some crime liable to punishment, some capital offense, or other infamous crime or misdemeanor,*"—unless this is done, the averment is insufficient. See *Hillhouse v. Peck, supra.* Do the words set out in the complaint contain an express imputation of some capital offense, or some other infamous crime or misdemeanor? We insist they do not. Infamous crimes or misdemeanors, are those offenses, and those only, belonging to the "*crimen falsi*"—such as forgery, perjury, and the like; such as incapacitates the party from becoming a witness; or such offenses as are punished capitally or by imprisonment in a State prison, and no other.—See Rosc. Cr. Ev. (135); Burrell's Law Dictionary, 2 vol. 72.

STONE, J.—The attempt to commit a felony or misdemeanors is a misdemeanor.—Code of Ala. § 4447, and authorities cited on appellant's brief. ·The word 'try,' as found in the connection charged in each count of the complaint, is the synonym of the word attempt.—Webster's Dictionary. "Every accusation, importing the commission of a crime punishable by indictment. must be held presumptively to mean what the language used ordinarily imports."—Code of 1876, § 2975. To affirm of another that he *tried* to do anything implying physical effort, is the equivalent of saying he attempted to do it. This is the ordinary import of the language.

An attempt to commit a larceny, grand or petit, involves moral turpitude; is indictable and punishable by fine and imprisonment, or hard labor for the county.—Code of Alabama, §§ 4447, 4904. A charge of such offense is actionable *per se.*—2 Brick. Dig. 202, § 5.

Reversed and remanded.