[Webb v. Gray.]

# Webb *v.* Gray.

## *Libel and Slander.*

(Decided April 10, 1913.  62 South. 194.)

1. *Libel and Slander; Instructions; Assuming Damages.*—In an action for slander for words actionable per se where defendant pleaded the truth of the words as a justification under section 3746, Code 1907, a charge that if defendant had not reasonably satisfied the jury that the plea was true, they might consider the plea as a reiteration of the slander, and as an aggravation of damages, is not objectionable for assuming damages for the plaintiff, as the law presumes damages in such case.

2. *Same; Aggravation of Damages.*—Under section 3746, Code 1907, the filing of a plea setting up the truth of the charge is not an aggravation of the damages, unless there is a total failure of proof to sustain the plea, and the circumstances evince malice in reiterating the slander, or a reckless disregard of the consequences of filing such plea.

3. *Same; Evidence; Statement of Third Person.*—In an action for slander brought by a woman, the declarations of her alleged paramour made to persons other than defendant as to his conduct with plaintiff, or as to his conduct generally, and as to his reasons for leaving the community, are hearsay and inadmissible, even under the statute allowing the circumstances under which the words were spoken to be proven in mitigation of damages.

4. *Same; Letters of Plaintiff.*—In an action for slander letters purporting to be from plaintiff to a man, which were only connected with her by the hearsay statements of the recipient, or by the fact that they were written in a lady's hand, purporting to be signed by plaintiff's first name and handed to the recipient by her nephew, were not admissible as admissions of the truth of the acts charged, but where they were shown to defendant, they are admissible in mitigation as tending to show a reasonable belief by defendant of the truth of the statements attributed to him.

5. *Same.*—The testimony of another witness corroborative of defendant, that such letters were shown to defendant by the recipient, and that they were delivered to recipient by the nephew of plaintiff, are admissible, but it was not error to exclude evidence as to what the witness saw the recipient do when not in the presence of defendant.

6. *Same; Motive of Defendant.*—Evidence that defendant purchased the business of the man with whom he stated that plaintiff had had improper relations, was admissible to show that he had a motive in getting rid of such person, and started the report maliciously.

7. *Same; Truth; Justification.*—In an action for slander charging plaintiff with improper relations, evidence of the existence of rumors

[Webb v. Gray.]

and reports concerning her was not admissible to establish the truth of the statements made by defendant.

8. *Same; Instructions; Effect of Evidence.*—Where there was evidence of common report of improper relations on plaintiff's part, and that her paramour had fled because of such reports, it was not error to refuse a charge that the jury might consider the fact of such flight in determining the truth of the rumors.

9. *Same.*—A charge asserting that if plaintiff's paramour was the sole source of the rumors concerning plaintiff, the jury could not find a verdict for her, was manifestly erroneous.

10. *Same; Reputation of Defendant.*—It was not error to refuse to charge that in a libel suit the defendant is not permitted to offer evidence of his good reputation, and that he is presumed to be of good reputation until the contrary appears, which presumption, when considered in connection with the other evidence may raise a reasonable doubt as to the truth of the charge against the defendant.

11. *Same; Punitive Damages.*—In an action for damages for speaking words slanderous per se, it is for the jury to determine whether plaintiff is entitled to punitive damages or not.

12. *Same; Complaint; Amendment.*—Under section 5369, it was permissible for plaintiff to amend her complaint for slander of plaintiff, "an unmarried woman," by adding counts which charged defendant with speaking the same words concerning plaintiff "then, and ever since, an unmarried woman."

13. *Appeal and Error; Harmless Error; Evidence.*—The admission of hearsay testimony favorable to the appellant is harmless error.

14. *Evidence; Hearsay.*—Hearsay statements are not admissible as tending to prove plaintiff's general character, or of the truth of the words alleged to constitute the slander.

15. *Same; Secondary Evidence; Letters.*—After showing that the recipient, in whose possession the letters were last seen, was out of the state, it was competent to prove the contents of such letters by secondary evidence.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by Era Gray against Ed. J. Webb for damages for libel and slander. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The original complaint contained four counts, charging the defendant with falsely and maliciously speaking of and concerning the plaintiff, an unmarried woman, in the presence of divers persons, words set out, thereby imputing to her a want of chastity; the words and inferences being stated to be that she had had

sexual intercourse with Jim Lockridge. The fifth and sixth counts were later added by way of amendment over the objection of the defendant, and were based upon the same state of facts, and charged words imputing unchastity to plaintiff, then and ever since, an unmarried woman. The defendant filed two pleas, one the general issue, and the other that the statement or language alleged to have been uttered were true statements of existing facts, and that plaintiff was at the time of the utterances made by the defendant guilty of the matters charged. Charge A given for the plaintiff was as follows: "The court charges the jury that the defendant has interposed in this case a plea of justification; that is, a plea averring the truth of the charges alleged to have been made by him against the plaintiff, and the court charges the jury that, if the defendant has not reasonably satisfied the jury by the evidence that this plea is true, the jury may consider the said plea as a reaffirmation of the slander, and as an aggravation of the injury and damages sustained by the plaintiff." The part of the oral charge made the basis of assignment 30 is as follows: "Proof of the existence of rumors and reports in respect to the chastity of plaintiff will not be admitted in evidence in this case for the purpose of establishing the truth of any charge that may have been made by the defendant reflecting upon the chastity of the plaintiff." The following charges were refused to the defendant: (6) "If Jim Lockridge was the sole source of the rumors or reports that might have been current in Piedmont, in respect to the chastity of plaintiff, then you cannot find a verdict for the plaintiff." (7) "If you believe that there was a common rumor or report obtaining in Piedmont to the effect that the relations between plaintiff and Jim Lockridge were improper, and that because of the rumor Lockridge fled

[Webb v. Gray.]

from the community and has not since returned nor satisfactorily explained his flight, you may consider such flight in determining the question as to whether such rumors were true or not." (12) "Against finding vindictive or exemplary damages." (14) "I charge you that the good reputation of defendant, Webb, is presumed to exist, and will be presumed to exist until the contrary is established by competent testimony." (16) "It is a presumption of law that the defendant, Webb, is a man of good reputation, and that this presumption of law, that his reputation is good, when considered in connection with the other evidence in the case, may generate a reasonable doubt of the truth of the charges alleged against the defendant." (17) "Under the rules of evidence defendant, Webb, was not permitted to offer evidence of his good reputation. Such reputation is presumed to exist until evidence is offered to the contrary."

Transferred from Court of Appeals under Act of 1911, § 6, p. 449.

H. D. McCARTY, and T. BEN KERR, for appellant. The court erred in giving plaintiff's charge A.—*O'Neal v. McKenna,* 116 Ala. 409; *Ferdon v. Dickens,* 161 Ala. 181; sec. 3746 and 5331, Code 1907; 7 Am. Rep. 367; 21 L. R. A'. 499; 25 Cyc. 416, 417, 478, 479, 480 and 547; 18 A. & E. Enc. of Law, 1104, et seq. Assignments of error 9, 10, 11, 12, 13, 14 and 15, all relates to the admission and exclusion of evidence as to the action of Lockridge, with whom the improper relations are alleged, and the court erred in its action thereon, to the great damage of defendant.—*Hereford v. Combs,* 126 Ala. 380; *Fuller v. Dean,* 31 Ala. 658; *Bradley v. Gibson,* 9 Ala. 408; *Chamblee v. McPherson,* 11 Ala. 920. The court erred in its act in excluding the letters, and the

[Webb v. Gray.]

evidence offered relative thereto.—3 Elliott on Evid. parag. 2458; 15 Am. St. Rep. 399; 25 Cyc. 517; *Long v. Rogers*, 19 Ala. 332; *Kennedy v. Deere*, 6 Port. 98; *Arrington v. Jones*, 9 Port. 142. The court erred in excluding the testimony of Dr. VanZant. Counsel discuss the charges refused defendant in the light of the above authorities, and insist that the court was in error in its action thereon.

KNOX, ACKER, DIXON & STERNE, for appellee. Nothing can be considered on this appeal except the overruling of the motion for new trial.—*Banks v. Wilkes*, 132 Ala. 573. The words charged were actionable per se, and the law presumes damages.—*Johnson v. Robertson*, 8 Port. 489; 25 Cyc. 453, 531 and 539; Newell on Defamation, 779. The failure to sustain a plea of justification may be considered an aggravation of damages.· *Hereford v. Combs*, 126 Ala. 367; *Robinson v. Drummond; Toole v. Deevers*, 30 Ala. 672; sec. 3746, Code 1907; *Bush v. Prosser*, 11 N. Y. 347; 31 N. E. 918; 118 N. Y. 178. There was no error in the action of the court on the evidence relative to the common report, and to the action of the man charged to have been the person with whom plaintiff maintained improper relations.—25 Cyc. 492, 506; 59 Am. St. Rep. 319; *A. C. G. & A. Ry. Co. v. Appleton*, 117 Ala. 329; *Scott v. McKinnish*, 15 Ala. 662; 12 Irredel 284; 23 Pa. St. 95; 15 Mo. 480; 3 Barb. 210. There was no error in the court's oral charge.—81 Ind. 527. There was no error in giving or refusing the charges requested.—18 A. & E. Enc. of Law, 1092. The complaint was properly amended under section 5367, Code 1907.

ANDERSON, J.—Charge A, given at the plaintiff's request, was directed at defendant's plea of justifica-

tion, and was not objectionable for assuming the existence of damages to the plaintiff because of the defamation, for the reason that in actions of libel and slander it is not necessary that the plaintiff either allege or prove any special damage. The words charged in this case are actionable per se (Code of 1907, § 3748), and it is settled that, "if the defamatory charge is actionable per se, the plaintiff is entitled to at least some damages; the law presuming damages."—25 Cyc. pp. 453, 531, 539. "When words are slanderous in themselves, the right to damages follows as a consequence from speaking in a slanderous way, because it is the incalculable tendency of slander to injure the person slandered, in his reputation, profession, trade, or business. It would frequently be difficult to prove any pecuniary injury from slander, and always impossible to establish its full extent. * * * Therefore, when words are actionable in themselves, the law implies damages."—*Johnson v. Robertson*, 8 Port. 489; Newell on Defamation, etc., p. 779. The case relied upon by counsel for appellant, namely, *O'Neal v. McKinna*, 116 Ala. 606, 22 South. 905, was an action for malicious prosecution, and the charges pointed out as bad assumed that the plaintiff suffered wounded feelings and injured reputation. The court said: "Charges C and D, given for the plaintiff, would therefore have been properly given if they had not assumed the fact, instead of leaving it to the jury to determine, that the plaintiff had suffered wounded feelings and injured reputation. In fact, we see no evidence to show injured reputation." The law does not presume damages in an action for malicious prosecution.—25 Cyc. p. 60. These principles of law clearly distinguish the case at bar from the *O'Neal Case*, since in this case the law presumes or implies damages, while

in the action for malicious prosecution damages are not presumed but must be proven.

It is next insisted that charge A, given for the plaintiff, was bad for the reason that it authorized the jury to consider a failure to sustain the plea, setting up the truth of the words spoken in bar of the action, as an aggravation of the damages, whether the plea was or was not interposed in good faith. Under our system of pleading, in actions of this nature, the defendant may not only plead specially the truth of the words spoken in bar of the action, but may also give in evidence, under the general issue, the truth of words spoken or written, or the circumstances under which they were written or spoken in mitigation of the damages. Section 3746 of the Code of 1907; *Schuler v. Fisher*, 167 Ala. 184, 52 South. 390; *Ferdon v. Dickens*, 161 Ala. 181, 49 South. 888. "When the truth is pleaded in justification, failure to sustain the plea by proof may be considered by the jury as an aggravating circumstance in estimating damages. But the jury should be guided by the motive with which the plea is made; hence if it is interposed in good faith, under an honest belief in the truth of the matter published and with reasonable grounds for such belief, it cannot be regarded as an aggravation beyond the real injury sustained by the plaintiff. Indeed, it has been held that if a plea of justification is made in good faith, and evidence is introduced, honestly for the purpose of supporting it, such evidence should be considered by the jury in mitigation of damages, although it is insufficient to prove the truth of the plea."—25 Cyc. pp. 416, 417, and cases cited in notes 39 and 40. Indeed, this seems to be the rule which obtains in all the states except Alabama and perhaps two others. The Oregon and New York statutes, as to pleas in justification and the right to mitigate damages in ac-

tions of libel and slander are, in effect, the same as ours, and were enacted for the same purpose, that is, to remove, to a certain extent, the harshness of the common law, so as to permit the jury to consider the facts adduced in mitigation of damages, other than actual or real, if they tend to show good faith or belief in the truth of the words spoken, although said facts do not sustain the plea of justification to the satisfaction of the jury. But when there is a total failure of proof tending to establish the truth of the charges, and the circumstances evince malice in reiterating the slander, or such reckless disregard of the consequences of interposing such a plea which is not supported by evidence to show that the defendant had a probable or reasonable belief of the truth of same, the jury may look to the interposition of such a plea as a reiteration of the slander and as an aggravation of damages. A charge similar to this one has been characterized by a most respectable court as a "legal monstrosity." It penalizes an unsuccessful defense, whether made in good faith or not, and notwithstanding the law authorizes the facts proven to go in mitigation of damages under the general issue, although not sufficient to establish the plea of justification.—*Upton v. Hume,* 24 Or. 420, 33 Pac.. 810,. 21 L. R. A. 493, 41 Am. St. Rep. 863; *Klinck v. Colby,* 46 N. Y. 427, 7 Am. Rep. 360. We therefore hold that the trial court erred in giving charge A at the request of the plaintiff.

The trial court, however, found justification for giving said charge in the cases of *Hereford v. Combs,* 126 Ala. 369, 28 South. 582, and *Poole v. Devers,* 30 Ala. 672, wherein charges similar to this one were approved. These cases cite and rely upon the case of *Robinson v. Drummond,* 24 Ala. 174, wherein a similar charge was approved. It must be observed, however, that the court

[Webb v. Gray.]

justified said charge in said *Robinson Case* upon the theory that the facts shown to justify the slander could not be shown under the general issue in mitigation of the damages. Says the court, speaking through Chilton, C. J.: "If the evidence in support of the justification only goes part of the way, and fails to make it good, it is disregarded, as it is unjust to allow a defendant to obtain any advantage by offering to prove more than he can, and this, too, by proof which could only be introduced under his false plea, and would have been rejected under the general issue." It may be that section 3746 was in the Code of 1852, and that the case of *Robinson v. Drummond, supra,* was decided after the adoption of the Code of 1852; but it is manifest that said section was overlooked, if in force, as the opinion expressly proceeds upon the idea that the evidence offered in support of the plea of justification was not admissible under the general issue in mitigation of damages. The cases of *Hereford v. Combs,* 126 Ala. 369, 28 South. 582, and *Pool v. Devers,* 30 Ala. 672, are expressly overruled, in so far as they approve charges similar to the one in question.

The trial court gave the defendant considerable latitude in proving statements to him, not only by Jim Lockridge, but by others, as to the relationship and intercourse between the said Lockridge and the plaintiff, and whether the court did or did not err in this report matters not, as said ruling was in favor of the appellant.

The court did not err, however, in declining to let the defendant prove the statements made by Lockridge to third persons as to his intercourse with the plaintiff, or his acts and conduct generally in leaving the community, or the reasons he may have given for doing so. This was hearsay evidence and was in no way binding

upon the plaintiff, as the statements were not made in her presence and were not part of the res gestæ. While the statute authorizes the circumstances under which the words were spoken or written to be given in evidence, under the general issue, in mitigation of damages, it does not have the effect of abrogating the rule of evidence applicable in other cases. "The rules governing the admissibility of evidence generally are applicable to actions of libel and slander. Thus the evidence must be relevant, and must not come within the prohibition of the hearsay rule."—25 Cyc. 492. "It is held that the defendant cannot offer in evidence communications of the same or similar defamatory matter by third persons. or recovery or pendency of suit therefor, as tending to show that whatever injury plaintiff had sustained to his reputation was not caused by defendant alone, or that he had received from others an amount which would go to compensate him for his injuries."—25 Cyc. 506; Newell on Def., etc., p. 899, § 76. As we read the case of *Fuller v. Deason,* 31 Ala. 654, it is in conformity with and not opposed to the foregoing rule. It seems that evidence is admissible as to plaintiff's general reputation with reference to the matter charged in the defamation, or his general reputation as a man of moral worth, without restriction to the particular feature in respect to which his character had been assailed. But the evidence must relate to the character or reputation of the plaintiff as fixed before the publication of the words complained of.—25 Cyc. 418.

In an action of slander, the general bad character of plaintiff may be given in evidence, under the general issue, in mitigation of damages, notwithstanding the defendant may also have interposed the plea of justification.—*Pope v. Welsh,* 18 Ala. 631. This rejected evidence of the defendant, however, as to the sayings,

14—181

acts, and conduct of Jim Lockridge, was not the proper way of proving the plaintiff's general character or the truth of the words constituting the slander, or that the defendant believed them to be true, unless the statements were made to him or he had knowledge of the acts and conduct of Lockridge when he uttered the words constituting the slander.

In discussing the rule of evidence in mitigation of damages when malice or a want of probable cause is involved, Mr. Elliott, in his work on Evidence (volume 3, par. 2458), says: "There are various matters which it is said may be proven in mitigation of damages. We do not understand this expression to mean that any of the matters ought to, or can, deprive plaintiff of his right to recover such damages as he has actually suffered, but rather that they may wholly or presently remove the presumption of malice which will thereby be indulged, and will therefore relieve the defendant from the imposing of punitive damages. It has been held that a defendant may prove in mitigation of damages that he received letters purporting to have been written by reputable persons, charging the plaintiff with certain wrongful acts; that these letters were in fact forgeries; and that he, believing them to be genuine, was imposed upon and induced to publish the libel complained of, in the belief that it was true." Mr. Elliott takes the position that where the element of good faith is involved, and the defendant is attempting to show his good faith, he may do so by proving the statement to him of third persons, and that this evidence is not hearsay, but is original evidence; and he very clearly announces the rule out of which the distinction grows. Where the question is not whether the statements are true, but whether they were made by a certain person, the man to whom they were made may testify that they

were made, and the evidence is original evidence for the reason that he is as competent to testify as to what was said as the man is who made the statements. If the truth or falsity of the words is involved, and that is an issue before the court, the man who heard the remarks, of course, could not testify as to their truth or falsity, because he has no knowledge thereof. Only the man who made the statements may testify in such cases without violating the hearsay rule, unless, of course, the statements are in the nature of admission by a party to the cause.—Elliott on Evidence, §§ 322-324. In order, therefore, to introduce the letters purporting to be from the plaintiff to Jim Lockridge, as admissions by her and in support of the truth of the alleged slander, the proof should connect the plaintiff with the same other than by the mere hearsay evidence of Lockridge, or of the fact that they were in a lady's handwriting, purported to be signed in her first name, and were handed to said Lockridge by the plaintiff's nephew, who lived in the same house with her; but, as an element of good faith on the part of the defendant was involved, he had the right to show that the letters were shown him by Lockridge and to prove the contents and circumstances connected with the exhibition of same to him, not as proof of the charge or in mitigation of actual damages, but as a circumstance to negative malice and to show that he had good reason to believe the statements he made, both when making them and when reiterating them by his plea of justification, and which could be considered in mitigation of punitive damages. For this purpose they were original, as distinguished from secondary or hearsay, evidence. The defendant in offering this evidence limited it to the extent of showing good faith and in mitigation of damages.

The plaintiff also laid a sufficient predicate to prove the contents of the letters, as Jim Lockridge, who was last seen with them, was out of the state.

The defendant also had the right to show by the witness Posey the contents of the letter, which he claims was delivered to Lockridge by the plaintiff's nephew in the store of and in the presence of the defendant, as this was corrobative of the defendant's improperly rejected evidence that Lockridge received and showed him the letter.

The trial court, however, did not err in excluding what transpired between Posey and Jim Lockridge after they left the defendant and went to see Dr. Vansant, or in excluding what transpired between the said Lockridge and Dr. Vansant as to the medicine.

The evidence as to the business relations between the defendant and the Lockridges, and what transpired as to purchasing the Lockridge interest by the defendant, was admissible to show that defendant had a motive for getting rid of Jim and that the report was maliciously started. This evidence may be weak, but its probative force was for the jury.

There was no error in so much of the oral charge as is insisted upon in brief of appellant's counsel, and which is based upon assignment of error number 30. Nor in the refusal of defendant's requested charge 7. Charge 6 was manifestly bad.

It was a question for the jury to determine whether or not the plaintiff was entitled to recover punitive damages, and the trial court did not, therefore, err in refusing defendant's requested charge 12.

There was no error in refusing charges 14, 16, and 17, requested by the defendant.

The amendment of the complaint by adding counts 5 and 6 was permissible.—Section 5367 of the Code of 1907.

[Ebersole v. Fields.]

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.