(88 South. 373)

### JONES v. SPRADLIN.   (8 Div. 742.)

(Court of Appeals of Alabama.   Nov. 9, 1920.   Rehearing Stricken Dec. 7, 1920.)

1. **Appeal and error** ⊂⊃1027—On appeal from judgment for nominal damages, rulings not affecting recovery immaterial.

On appeal from a judgment in a slander action for nominal damages only, rulings of the trial court bearing on defendant's liability and not affecting the amount of recovery will not be considered as reversible error.

2. **Libel and slander** ⊂⊃5, 33—Malice and damages presumed in case of words actionable per se.

If defamatory words are actionable per se, the law presumes malice, and damages to be fixed by the jury, in a sum sufficient to compensate for the injury.

3. **Libel and slander** ⊂⊃114—In case of words actionable per se, it is improper to authorize awarding of nominal damages.

Where the words complained of were actionable per se, any recovery is compensatory, and, unless the words were spoken under such circumstances as to rebut the legal implication of malice, it is improper for the court to charge that the jury might award nominal damages.

4. **Libel and slander** ⊂⊃7(2)—To be "actionable per se" words must charge crime, etc.

In order for words spoken to be "actionable per se," they must, if true, subject the party charged to an indictment for crime, involving moral turpitude, or subject him to an infamous punishment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actionable Per Se.]

5. **Libel and slander** ⊂⊃7(1), 114—Use of the term "rascal" held not actionable per se, and only nominal damages recoverable.

Where defendant stated that he went on a note with plaintiff and had to pay it all and that plaintiff would not talk about repaying it and was a rascal, the words were not actionable per se, for the term "rascal," while an opprobrious expression, does not charge an offense indictable under the law, and it did not appear that the words were spoken of plaintiff concerning his business and employment; hence, in the absence of averment and proof of special damages, only nominal damages could be recovered.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Action by N. E. Jones against J. M. Spradlin for damages for slander and libel. Judgment for plaintiff in the sum of $1, from which plaintiff appeals. Affirmed.

The alleged libelous matter is as follows:

"I am sorry for you. I went on a note with this N. E. Jones, and I had to pay it all, and he won't talk about paying my money back. He is a rascal. If he is got anything in the world to get hold of, you had better get after him."

Also the following:

"Mr. Jones is not good for his contract. He won't do anything he says he will do. He is a rascal."

James A. Bilbro and E. O. McCord, both of Gadsden, and Stokely, Scrivner & Dominick, of Birmingham, for appellant.

The words were actionable per se. 24 Ala. 707; 7 Cow. (N. Y.) 654; 3 Wend. (N. Y.) 291; 102 Ala. 458, 14 South. 788. This being true, the law presumes that there were actual substantial damages. 113 Ala. 349, 21 South. 531; 53 South. 759; 67 South. 130, and authorities, supra. It was a question for the jury, and the court was in error in its oral charge. 146 Ala. 655, 40 South. 609; 77 South. 685. The insistence for a rehearing and against its being stricken is that the application was filed in time; judgment having been rendered on November 9, and the application filed on November 25th.

Street & Bradford and John A. Lusk & Son, all of Guntersville, for appellee.

Only the additional or supplemental brief reached the Reporter.

Words, being spoken, were not actionable per se. 17 R. C. L. 287–290; Id. 263–265; 1 Denio (N. Y.) 250, 43 Am. Dec. 667; 17 Ohio St. 238, 93 Am. Dec. 616.

SAMFORD, J. [1] The judgment from which this appeal is taken having been in favor of plaintiff, rulings of the trial court bearing on defendant's liability and not affecting the amount of recovery will not be considered as reversible error. Holloway et al v. Henderson Lumber Co., 203 Ala. 246, 82 South. 344.

The following excerpt from the court's general charge will serve to illustrate the view taken by the trial court in charging the jury, to wit:

"If, when Spradlin spoke this (meaning the slanderous language set out in the complaint), it was untrue when he said he was, a rascal, if he said that and meant by that not to charge him (plaintiff) with any particular offense, or to say any more than that it was his opinion, if a man would do that he was a rascal, if that is all he meant, and wasn't malicious about it, then, gentlemen of the jury, there could be only nominal damages in favor of plaintiff."

———

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint charged the defendant with having spoken of and concerning the plaintiff in the presence of divers persons, in substance as follows:

"I'm sorry for you (speaking to one or more persons there present). I went on this note (meaning a note made by plaintiff and defendant to the Bank of Gadsden), and had it to pay off, and he (meaning plaintiff) won't talk about paying my money back. He's a rascal. If he's got anything in the world to get hold of, you had better get after him."

It was alleged further that the words were false and spoken in malice and there was a general averment of damage. The evidence for plaintiff tended to prove the allegations of the complaint, but no special damage to plaintiff in his business was proven; plaintiff relying on the legal presumption of damage following slanderous words, actionable per se.

[2, 3] Upon this view rests the contention of appellant that the court was in error in its charge to the jury, as illustrated by the excerpt above quoted. If the words spoken are actionable per se, then the law presumes malice and damages, to be fixed by the jury in such sum as will, in their opinion, compensate the plaintiff for the injury. Starks v. Comer, 190 Ala. 245, 67 South. 440; Webb v. Gray, 181 Ala. 408, 62 South. 194; Johnson v. Robertson, 8 Port. 489. In such a case, while the jury might under the facts fix any amount from one cent to the amount claimed, whatever amount fixed by them would not be nominal, but in compensation for the injury found to have been done to the plaintiff in his feelings, reputation, etc., and therefore if the words alleged and proven were actionable per se, it would have been error for the court to instruct the jury that they might find nominal damages, unless the facts as proven showed, or there was evidence tending to prove, that the words charged in the complaint were spoken under such circumstances as to rebut the implication of malice. Yakavicze v. Valentukevicious, 84 Conn. 350, 80 Atl. 94, Ann. Cas. 1912C, 1264; Fawsett v. Clark, 48 Md. 494, 30 Am. Rep. 481. In the instant case, if the words spoken are actionable per se, there is no sufficient evidence to rebut the presumption of malice as would authorize the giving of that part of the oral charge excepted to.

[4, 5] The rule in this state, in line with most of the authorities of other jurisdictions, is that, in actions for slander, in order for the words spoken of and concerning the plaintiff to be actionable per se, they must, if true, subject the party charged to an indictment for a crime involving moral turpitude or subject him to an infamous punishment. Berdeaux v. Davis, 58 Ala. 611; Heath v. Devaughn, 37 Ala. 677; Hillhouse v. Peck, 2 Stew. & P. 395; Perdue v. Burnett,

Minor, 138; Coburn v. Harwood, Minor, 93, 12 Am. Dec. 37. In Smith Brothers & Co. v. Agee & Co., 178 Ala. 627–635, 59 South. 647, Ann. Cas. 1915B, 129, following Brown v. Mims, 2 Mill Const. (S. C.) 235, it was said that:

"The term 'damn rascal' is an opprobrious expression and is one of the strongest expressions to convey the idea of moral turpitude."

While this is doubtless true, the term "rascal" or "damn rascal" does not charge an offense indictable under our law, and is not actionable per se unless such charge is uttered or spoken of a person in his business or employment, or unless there is an imputation of the commission of a crime. 25 Cyc. 266. subd. IV. Under the facts of this case, the words charged in the complaint were not actionable per se, and no special damages having been alleged or proven, the jury was only authorized, under the most favorable aspect of the case for plaintiff, to assess nominal damages, which it did.

Having been awarded all that he was entitled to under the pleadings and evidence, the charge complained of, if error, was without injury.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.